## PEOPLE v BENNETT

Docket No. 54911. Argued June 6, 1974 (Calendar No. 21).—Decided January 21, 1975.

Allen Bennett was convicted by a jury of first-degree murder in Recorder's Court of Detroit, Henry L. Heading, J. The Court of Appeals, V. J. Brennan, P. J., and Holbrook and Van Valkenburg, JJ., affirmed (Docket No. 14395). Defendant appeals and asserts that he was denied a fair trial because the prosecutor was permitted to allow a rebuttal witness to testify that while in jail charged with this crime, the defendant had said "that he had another fellow to kill when he got out". *Held:*

1. Rebuttal is limited to the refutation of relevant and material evidence, bearing on an issue properly raised in a case, and because the testimony complained of did not bear on an issue raised in the people's case in chief or on an issue raised by the defense, it was not proper rebuttal.

2. It was reversible error to admit the testimony complained of as rebuttal evidence.

J. W. Fitzgerald, J., who was joined by M. S. Coleman, J., dissented on the grounds that:

1. The asserted error does not warrant reversal where the rule against receiving testimony in rebuttal which properly belongs in the case in chief was not repeatedly violated and demonstration of reversible prejudice is notably lacking in the record.

2. The order of proofs at trial is committed to the discretion of the trial court, and without demonstration of prejudice indicating abuse of discretion, reversal cannot be predicated upon the asserted error.

46 Mich App 598; 208 NW2d 624 reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 6, 7] 75 Am Jur 2d, Trial § 145 *et seq.*
[3] 75 Am Jur 2d, Trial § 173.
[4] 21 Am Jur 2d, Criminal Law § 312 *et seq.*
[5] 5 Am Jur 2d, Arrest §§ 26, 28.

OPINION OF THE COURT

1. CRIMINAL LAW—REBUTTAL—ADMISSION—SCHEME.

Testimony was not proper rebuttal where a witness, over objection, was permitted to testify "I heard him [defendant] say that he had another fellow to kill when he get out" and it was reversible error to admit that testimony; whether it was an admission or part of a scheme it would. be admissible only in the people's case in chief (MCLA 768.27).

2. EVIDENCE—REBUTTAL.

Rebuttal is limited to the refutation of relevant and material evidence, hence, evidence bearing on an issue properly raised in a case.

3. WITNESSES—DENIAL—COLLATERAL MATTERS—CROSS-EXAMINATION.

The device of eliciting a denial of some statement not properly in the case at the time of denial will not serve to inject an issue and both the statement and the veracity of the witness are then collateral matters and the cross-examiner is bound by the response.

4. CRIMINAL LAW—APPEAL AND ERROR—ATTORNEY AND CLIENT.

An allegation of error asserting that defense counsel's performance deprived defendant of the effective assistance of counsel is not considered where a new trial is ordered on other grounds and the conduct complained of, even if erroneous, is unlikely to recur at retrial.

5. SEARCHES AND SEIZURES—WITHOUT WARRANT—ADMISSIBILITY—SHOTGUN—HEARING.

The asserted error of admitting in evidence parts of a shotgun seized in defendant's attic without a warrant can be avoided by a hearing prior to a new trial ordered on other grounds and if it be established that the defendant consented to the search, the evidence is admissible; if such consent cannot be established, the shotgun parts should not be admitted, where it does not appear that they were seized incident to arrest or under other exigent circumstances justifying a search without a warrant.

DISSENTING OPINION

M. S. COLEMAN and J. W. FITZGERALD, JJ.

6. CRIMINAL LAW—EVIDENCE—CROSS-EXAMINATION—REBUTTAL—IMPEACHMENT.

*Asserted error that a trial court allowed the prosecution to*

*introduce evidence of an admission by cross-examination of the defendant and rebuttal "impeachment" rather than by introducing the evidence in its case in chief does not warrant reversal where defense counsel only objected to the rebuttal testimony in general terms, and there is no demonstration of prejudice in the record.*

7. TRIAL—ORDER OF PROOFS—DISCRETION.

*The order of proofs at trial is committed to the discretion of the trial court, and reversible error going to that order cannot be found without a demonstration of prejudice indicating abuse of discretion.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Wilfred C. Rice,* for defendant on appeal.

T. G. KAVANAGH, C. J. Allen Bennett was convicted by a jury of the first-degree murder[1] of Jerry Jimerson and the Court of Appeals affirmed his conviction.

On appeal he makes five assertions of error, only one of which is necessary to decision.

I

The defendant asserts that he was denied a fair trial because the prosecutor was permitted, over objection, to allow Mathew Williams, as a rebuttal witness, to testify regarding the defendant who had been arrested and charged with this crime, "I heard him saying that he had another fellow to kill when he get out".

---

[1] MCLA 750.316; MSA 28.548.

To gain perspective on this incident it is appropriate to consider the following facts.

One prosecution witness had testified that he saw defendant hold a shotgun on the victim, was jumped by an unknown third party, heard a shot, saw the victim fall, and watched the defendant flee. Other witnesses testified the defendant and victim had fought on a previous occasion.

The police arrested the defendant, searched his attic, and found sawed-off parts of a shotgun.

After the people rested, the defense produced alibi witnesses who testified that the defendant was at home at the time of the shooting. The defendant took the stand and denied the shooting.

On cross-examination the defendant was asked if he had ever made a statement in jail to another person, "That when you got out there was going to be some more murders?". He replied, "No".

After the defense rested, the people offered one rebuttal witness to contradict the alibi testimony and then presented witness Williams to rebut the defendant's denial that he had even said to anyone that when he got out there would be more killings or murders.

After considerable delay the trial court allowed the testimony saying: "I am going to submit it to the jury for what it is worth, and if the jury believes it, it is an admission against interest and it might be part of a scheme."

We are persuaded that this was error.

The court's reference to "part of a scheme" was undoubtedly an oblique reference to MCLA 768.27; MSA 28.1050. But the testimony was not offered under that statute and it was never claimed that there was a "scheme".

That it is "an admission against interest" of course does not turn on whether the jury believes

it, but it does suggest the only proper basis upon which the evidence could be admitted.

However, under either of these descriptions—that it was an admission or part of a scheme—it would be admissible only in the people's case in chief.

This rule and the reason for it were set forth by Justice CAMPBELL in *People v Quick,* 58 Mich 321, 322–323; 25 NW 302 (1885), and quoted in *People v McGillen #1,* 392 Mich 251, 265–266; 220 NW2d 677 (1974).

The people did not respond to defendant's claim that the testimony of Williams was only admissible as part of the case in chief. Instead they contend that "[a]s Mathew Williams' testimony was admitted to rebut the prior testimony of the defendant, the trial magistrate did not abuse [his] discretion in permitting it to stand".

This argument misconceives the office of rebuttal. Rebuttal is limited to the refutation of relevant and material evidence—hence evidence bearing on an issue properly raised in a case.

Such issue of course could be one raised in the prosecutor's case in chief or one raised by way of defense, and evidence on either would be subject to rebuttal.

But here, where the prosecutor did not offer this evidence in his case in chief, which he would have had to do if this were to be regarded as an admission or part of a scheme, it did not bear on an issue raised by the people.

Neither does it bear on an issue raised by the defense.

The device of eliciting a denial of some statement not properly in the case at the time of denial will not serve to inject an issue.

Both the statement and the veracity of the

witness are then collateral matters and the cross-examiner is bound by the response. *People v Hillhouse,* 80 Mich 580; 45 NW 484 (1890). We hold that Williams' testimony was not proper rebuttal.

While we hold that the testimony of Williams was not proper rebuttal, we do not wish to be understood as holding that such testimony would properly be admissible in the case in chief as an admission. We have doubts that such an equivocal statement as "I have another fellow to kill when I get out" may be treated as an admission to the charge that he killed Jimerson.

We hold, therefore, that it was reversible error to admit the testimony of Mathew Williams as rebuttal evidence.

Inasmuch as we find reversible error on the first issue we address the other issues only as they appear likely to recur at retrial.

## II

We do not consider the allegation of error asserting defense counsel's performance deprived defendant of the effective assistance of counsel, for the conduct complained of, even if erroneous, is unlikely to recur at retrial.

## III

The asserted error of admitting the parts of the shotgun given into evidence likewise can be avoided by a hearing prior to retrial. If it be established that the defendant consented to the search, the evidence is admissible. If such consent cannot be established, the shotgun parts should not be admitted, for it does not appear that they were seized incident to arrest or under other exigent circumstances justifying a warrantless search.

## IV

We find no merit in defendant's assertion that the prosecutor's statements during closing argument constituted reversible error, although at retrial we suggest that the prosecutor take pains to avoid even the appearance of improper argument.

## V

The contention that the trial judge's summary of the theories of the case was unfair to defendant is also without merit. While the judge's charge might be clearer and more thorough, its deficiencies do not constitute prejudicial error.

Reversed and remanded.

T. M. KAVANAGH, SWAINSON, WILLIAMS, and LEVIN, JJ., concurred with T. G. KAVANAGH, C. J.

J. W. FITZGERALD, J. *(dissenting).* While I conclude that proper practice dictated that the people introduce evidence of the admission in their case in chief rather than by cross-examination of defendant and rebuttal "impeachment" *(People v Quick,* 58 Mich 321; 25 NW 302 [1885], and *People v McGillen #1,* 392 Mich 251; 220 NW2d 677 [1974]), I would find that the asserted "error" in this case does not warrant reversal. The majority, in finding reversible error on this record, extends without warrant the rule of *Quick* and *McGillen #1.*

In *Quick, supra,* the Court predicated reversal on a catalogue of errors, only one group of which dealt with the people's use of rebuttal testimony. Noting that it was improper for the people to introduce upon rebuttal that which belonged in the case in chief, the *Quick* Court observed that

this rule had been *repeatedly* violated. In *Mc-Gillen #1, supra,* the Court cited the rule of *Quick* for instructional purposes, but did not predicate reversal upon violation of the *Quick* rule.

Defense counsel objected to the rebuttal testimony in question, but only in general terms. He did not raise the *Quick* rationale in objection. In the absence of specifically framed objection, the trial court permitted defendant rebuttal in response to the rebuttal evidence of the people. The *Quick* rule was not *repeatedly* violated here. Demonstration of reversible prejudice is notably lacking in this record.

Decisions of this Court have repeatedly stated that the order of proofs at trial is committed to the discretion of the trial court. See, *e.g., People v Utter,* 217 Mich 74, 83; 185 NW 830 (1921) and *People v McCrea,* 303 Mich 213, 275; 6 NW2d 489 (1942). Where rules were repeatedly violated and prejudice indicating abuse of discretion is apparent, this Court has found reversible error. *Quick, supra.* Without demonstration of prejudice, I cannot predicate reversal upon the asserted error.

M. S. Coleman, J., concurred with J. W. Fitzgerald, J.