PEOPLE v PARKER

OPINION OF THE COURT

1. CRIMINAL LAW—EVIDENCE—PROSECUTORS—ORDER OF PROOFS.

The prosecution is required to present all of its proofs before a defendant proceeds with his evidence; it is not allowed to present a minimal case and then make one final play to the jury by chipping away at the defendant's case with more evidence of the surrounding circumstances of the crime after the defendant has presented his story.

2. CRIMINAL LAW—EVIDENCE—REBUTTAL EVIDENCE—EXACT TESTI-MONY—COMMON SCHEME—IDENTIFICATION—ALIBI DEFENSE.

Rebuttal evidence can be introduced after a defendant rests his case only where it directly tends to disprove the exact testimony given by a witness; therefore, where there is an alibi defense, evidence entered to prove a common scheme and thereby strengthen direct identification testimony must be admitted in the prosecutor's case in chief and is not admissible in rebuttal.

DISSENT BY V. J. BRENNAN, J.

3. CRIMINAL LAW—EVIDENCE—REBUTTAL EVIDENCE—RELEVANCE—IS-SUES—DISCRETION—COMMON PATTERN—BEARING—IDENTIFICA-TION.

*Rebuttal evidence is limited to the refutation of relevant and material evidence bearing on an issue properly raised in a case either in the prosecution's case in chief or by way of defense; therefore, a trial judge did not abuse his considerable discretion in determining that evidence of a common pattern of conduct bears on the issue of identification where that issue was raised by a defendant's alibi defense at trial.*

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 29 Am Jur 2d, Evidence §§ 250, 269.
  75 Am Jur 2d, Trial § 145 *et seq.*
[2–4] 29 Am Jur 2d, Evidence § 440.

4. CRIMINAL LAW—WITNESSES—REBUTTAL WITNESSES—ALIBI DEFENSE
    —HARMLESS ERROR.

*There was no miscarriage of justice in allowing rebuttal witnesses to establish a common scheme to refute a defendant's alibi defense where the defendant knew on the first day of trial that the witnesses might testify, yet did not ask for a continuance, defendant had the opportunity to cross-examine the witnesses, the judge instructed the jury that the evidence was for the limited purpose of identification, and the evidence from the case in chief was very convincing.*

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted June 10, 1975, at Detroit. (Docket No. 23069.) Decided November 13, 1975.

R. A. Parker was convicted of gross indecency and rape. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Barry J. Siegel,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

BRONSON, P. J. Defendant was found guilty by a jury of gross indecency, contrary to MCLA 750.338b; MSA 28.570(2), and rape of a female under the age of 16, contrary to MCLA 750.520; MSA 28.788. He was sentenced to a prison term of from 15 years to 25 years, and appeals by right.

On the first day of trial, after defendant had previously filed a notice of alibi, the prosecutor informed the court that she intended to call sev-

eral witnesses in rebuttal. These witnesses were three young women who were allegedly sexually assaulted by the defendant on other occasions. The prosecutor contended that the manner of those attacks was sufficiently similar to the present circumstances to show a common scheme or plan under the "prior similar acts" statute, MCLA 768.27; MSA 28.1050. Defense counsel objected, but the trial judge cut him off, stating that, "I think at this time she has carried out her responsibilities. She gave you notice".

At trial, defendant's alibi was that he was at a lodge meeting at the time of the crime, without access to an automobile. Defendant himself testified, and several other witnesses were called to verify those events. After defendant finished presenting his case, the prosecutor moved to indorse the three rebuttal witnesses upon the information. The trial judge granted that motion over defense counsel's objection, and the three women were allowed to testify as to the sexual assaults committed upon them by defendant.

Defendant contends here that the trial judge committed reversible error by (1) permitting the prosecutor to indorse the three rebuttal witnesses on the information after defendant had already presented his proofs, and (2) permitting the prosecutor to call the three women as rebuttal witnesses instead of presenting their testimony in the case in chief. Since we hold that the trial judge committed reversible error in allowing the prosecutor to call these witnesses in rebuttal, we do not need to reach defendant's first objection.

In our system of justice, the prosecutor is required to proceed with all of his proofs before defendant presents his evidence. The prosecutor is not allowed to "sandbag" by presenting a minimal

case, allowing defendant to present his story, and then chipping away at that defense with more evidence of the surrounding circumstances of the crime, *People v Sacharczyk,* 16 Mich App 710; 168 NW2d 639 (1969). As part of defendant's right to a fair trial, the prosecutor is not allowed that one final play to the jury, *People v Rose,* 268 Mich 529; 256 NW 536 (1934).

One exception exists to this general rule on the order of proof—evidence denominated as "rebuttal evidence" can be introduced after defendant rests his case. Due to the importance of the normal rule, this exception is very narrowly drawn. The evidence sought to be later added must meet this test:

"Generally, the only type of contradictory evidence that is admissible is that which *directly* tends to disprove the *exact* testimony given by a witness." *People v McGillen #1,* 392 Mich 251, 268; 220 NW2d 677 (1974). (Emphasis added.)

The prosecutor on appeal argues that proof of a common scheme "rebuts" the alibi defense. It is said that alibi goes to prove misidentification, while the common scheme strengthens the direct identification testimony. We must reject that view.

Identification in general is simply part of the prosecutor's case in chief. Our Supreme Court has spoken to this issue in *People v Bennett,* 393 Mich 445; 224 NW2d 840 (1975), where defendant raised the alibi defense that he was at home at the time of the crime. On rebuttal a witness who had spent time with defendant in jail was allowed to testify that defendant told him that he "had another fellow to kill when he get out". It was unclear whether that was being introduced under a common scheme, as here, or as an admission, but the Court concluded:

"However, under either of these descriptions—that it was an admission or part of a scheme—it would be admissible, only in the people's case in chief." *Bennett, supra,* 449.

*Bennett* is directly applicable here and requires reversal.

We do not rest our decision on precedent alone, for we feel that the *Bennett* approach makes good sense. It is true that an alibi defense raises the issue of identification, but the whole of the prosecutor's case goes to proving defendant's identification as used in that broad sense. If we accepted the prosecutor's argument here, the rebuttal rule for all practical purposes would not exist in cases where an alibi defense is raised. Considering the importance of the order of proof in insuring defendant a fair trial, we cannot let that happen.

Our ruling here does not leave the prosecutor powerless to rebut an alibi defense which raises facts outside the circumstances of the crime itself. In fact, the classic rebuttal testimony involves a claim by defendant that he was at a place other than the scene of the crime at the time it occurred. The prosecutor is allowed to show through rebuttal witnesses that others were at the alibi location and did not see defendant. Similarly, witnesses can be called to testify that they saw defendant at a third location during part of the time period involved. See, *People v Tocco,* 60 Mich App 130; 230 NW2d 341 (1975), *People v Smalls,* 61 Mich App 53; 232 NW2d 298 (1975). The prosecutor has a wide range of rebuttal testimony available to him to rebut alibi testimony.

It should be noted that this holding does not impose significant burdens on the prosecutor. The defendant is required to give notice to the prosecutor of his intention to assert an alibi defense at

least 10 days before trial, MCLA 768.20; MSA 28.1043. The prosecutor is at that time put on notice that the defendant is alleging misidentification through an alibi defense, and that the prosecutor should call his witnesses to show a common scheme. The prosecutor can then simply call these witnesses in his case in chief instead of waiting until after defendant's proofs.

Reversed and remanded.

D. E. Holbrook, Jr., J., concurred.

V. J. Brennan, J. *(dissenting).* I agree with the majority that *People v Bennett,* 393 Mich 445; 224 NW2d 840 (1975), is controlling; however, my analysis of that case convinces me that the prosecutor has more latitude in rebutting an alibi than my brothers now allow.

*People v Bennett,* and its predecessor,[1] do *not* absolutely prohibit rebuttal evidence if the same evidence could have been offered in the case in chief. To the extent that my brothers suggest that all evidence must be classified as either "case in chief" evidence or "rebuttal" evidence, I strongly disagree. Some evidence may be used at both points in the trial.

I believe that the *Bennett* and *McGillen* cases have a narrower prohibition: rebuttal evidence is inadmissible if it does not "bear on an issue raised by the people" or "bear on an issue raised by the defense". 393 Mich 445, 449. In judging the propriety of the prosecutor's evidence under the *Bennett* holding, we must therefore answer two questions: (1) Was an issue raised by the defense, and (2) Does the rebuttal evidence "bear on" that issue. In both *McGillen* and *Bennett* the prosecution

---

[1] *People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974).

attempted to rebut answers given by the defendant or defendant's witness on cross-examination. The evidence offered by the prosecution was more properly viewed as impeachment evidence, not rebuttal. In those cases, the evidence was *not* related to an issue that was directly raised by the defense. The distinction is worth emphasizing. As the *Bennett* court stated:

"Rebuttal is limited to the refutation of relevant and material evidence—hence evidence bearing on an issue properly raised in a case.

"Such issue of course could be one raised in the prosecutor's case in chief or one raised by way of defense, and evidence on either would be subject to rebuttal." 393 Mich 445, 449.

In the present case, the rebuttal evidence was directed to an issue raised directly by the defense —alibi. It was not directed to an issue planted by the prosecution on cross-examination. Rebuttal of an alibi was all that was attempted here.

Given this determination that there was an issue raised by the defense, the analysis must turn to the kind of evidence that is admissible for rebuttal on that issue. Again, *Bennett* provides the test: does the evidence "bear on an issue raised by the defense"?

I believe that the trial judge has considerable discretion in answering this question. The principle of *People v Utter,* 217 Mich 74, 83; 185 NW 830 (1921), allowing the trial judge discretion, was not abandoned by *McGillen* and *Bennett*. Those cases only narrowed the legal range in which the discretion may be exercised. In the present case, we must determine if it was an abuse of discretion for the trial judge to hold that evidence of a

common pattern of conduct "bears on" an alibi. I conclude that this was not an abuse of discretion.

The defendant's alibi in this case was the equivalent of arguing that the complainant erroneously recognized the defendant and that someone else committed the offense. The alibi thus directly challenges the complainant's identification of the defendant. Because an alibi necessarily implies an erroneous identification, evidence that tends to corroborate the identification will tend to rebut the alibi. Identification evidence, including evidence offered by victims of similar offenses allegedly committed by the defendant, rebuts the implication of defendant's alibi that the complainant erroneously identified the defendant. Simply put, common pattern identification evidence "bears on" the alibi.

In the present case, there was no error below. The defendant knew on the first day of trial that the witnesses might testify, yet did not ask for a continuance. The defendant had the opportunity to cross-examine these rebuttal witnesses. The judge instructed the jury that the evidence was for the limited purpose of identification. Moreover, the evidence from the case in chief was so convincing that I am convinced there was no miscarriage of justice.

I would affirm this conviction.