PEOPLE v THOMAS ROSS

1. KIDNAPPING—ASPORTATION.

Asportation is an essential element of kidnapping.

2. KIDNAPPING—INSTRUCTIONS TO JURY—ASPORTATION—INCIDENTAL MOVEMENT—UNDERLYING LESSER CRIMES.

A trial judge in instructing a jury on the element of asportation in a kidnapping trial must state that the asportation must be incidental to the crime of kidnapping and not "merely incidental" to the commission of another underlying lesser crime.

3. KIDNAPPING—ASPORTATION—INCREASED DANGER TO VICTIM—INCIDENTAL MOVEMENT—UNDERLYING LESSER CRIMES—INSTRUCTIONS TO JURY.

A jury in a kidnapping case in determining whether the movement of a victim was sufficient to constitute the element of asportation essential to the crime of kidnapping or merely incidental to the commission of an underlying lesser crime should be instructed to consider as one of the factors the increased danger to the victim; an instruction to the jury which equates greater danger with nonincidental movement is erroneous.

4. EVIDENCE—BLOODSTAINED PAJAMAS—CORROBORATIVE EVIDENCE—TRIAL COURT'S DISCRETION—KIDNAPPING.

The admission into evidence of a victim's bloodstained pajamas and bloodstained towels was not an abuse of the trial court's discretion at a trial on charges of armed robbery and kidnap-

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 1 Am Jur 2d, Abduction and Kidnapping §§ 11–14, 20.

[2, 3] 75 Am Jur 2d, Trial §§ 710–713, 715, 721.

Duty in instructing jury in criminal prosecution to explain and define offense charged. 169 ALR 315.

[4] 29 Am Jur 2d, Evidence § 771.

[5] 21 Am Jur 2d, Criminal Law §§ 525, 546, 614.

Propriety of general sentence covering several counts in information or indictment not exceeding in aggregate the sentences which might have been imposed cumulatively under the several counts. 91 ALR2d 511.

ping, where the evidence tended to corroborate evidence showing that the victim's wounds were so severe that blood would have stained the defendant's trousers while the victim rested his head on the defendant's lap during the ride from the victim's home to his restaurant.

5. Criminal Law—Sentences—Cruel and Unusual Punishment—Statutory Sentences—Life Imprisonment—Appeal and Error.

Sentences of life imprisonment for a conviction for armed robbery and a conviction for kidnapping do not constitute cruel and unusual punishment where the defendant received a legal, statutory sentence for the commission of two violent crimes; the Court of Appeals will not substitute its judgment for that of a sentencing judge.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted June 15, 1976, at Lansing. (Docket No. 21608.) Decided January 6, 1977.

Thomas L. Ross was convicted of armed robbery and kidnapping. Defendant appeals. Conviction of armed robbery affirmed and conviction of kidnapping reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, for the people.

*Meade, Magill, Rumsey and Deloof,* for defendant.

Before: Bronson, P. J., and Beasley and D. Anderson, Jr.,* JJ.

Per Curiam. Defendant appeals as of right from his convictions for armed robbery, MCLA 750.529; MSA 28.797, and kidnapping, MCLA 750.349; MSA

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

28.581, by a jury verdict on May 29, 1974. He was sentenced to life imprisonment on each count, and appeals.

Late in the evening of December 9, 1973, a black, well-dressed male rang the doorbell of the home of an Ann Arbor restaurant owner and said that he wished to use the phone because his car had broken down. After gaining entry and making the call, the man drew a pistol on the victim, and two confederates, one of whom was identified as the defendant, entered wearing nylon stocking masks and carrying pistols. The victim and his wife were tied and gagged, and the victim pistol-whipped. After the home was ransacked, two of the intruders forced the victim, still bleeding from head wounds, to accompany them to his restaurant, while the third confederate remained behind to guard the wife. At his restaurant, the victim opened the safe and gave the money to the men. An extensive ride through the city followed, during which a gun was pointed at the victim's head much of the time. He finally escaped. Defendant, at the time of his arrest, was wearing blue jeans which were bloodstained. The blood was not his own and was of the same type as the victim's. Defendant claimed that he exchanged his pants with another man for $200 and was not at the scene of the crime but was with a friend. His friend was also apprehended with the money taken from the safe and was also convicted of these charges at a separate trial. Other circumstantial evidence at trial also implicated both men.

On appeal, defendant contends that the trial court improperly instructed the jury as to the asportation element of kidnapping. We agree.

In *People v Adams,* 389 Mich 222, 234–235, 238; 205 NW2d 415 (1973), our Supreme Court held

that asportation was an essential element of the offense of kidnapping. It also said that the jury must consider whether the movement of the victim, if any, was "merely incidental" to the commission of another lesser underlying crime. The Court also said that if the movement added either a greater danger or a threat thereof, that was a factor in considering whether the movement constituted the necessary legal asportation.

In this case, rather than instructing the jury that they might consider the danger or threat thereof in determining whether the movement was merely incidental to the commission of an underlying crime, the trial judge told the jury that they need not consider whether the movement was merely incidental to the commission of an underlying crime if they were satisfied that the movement added a greater danger or threat thereof to the victim. Although the trial judge instructed that, if the jurors did not find greater danger or the threat thereof, they could not convict unless the movement was not merely incidental to the commission of the robbery, we perceive a departure from the *Adams* decision.

The Court in *Adams* emphasized that the crucial criterion was whether the movement was merely incidental to the commission of the other crime, and stated that the increased danger element was a "factor" for the jury's consideration. Citing cases from New York and California, the Court also emphasized that the fact of increased danger or complicated movement of the victim illustrated the distinction between a kidnapping and movement incidental to another crime.

In the case at bar the trial judge essentially charged that the jury could find kidnapping without determining that the movement was more

than incidental to a robbery. The charge equated greater danger with nonincidental movement. Although the *Adams* court mentioned that greater danger was not an essential element, it did hold that nonincidental movement was essential. The conviction of defendant for kidnapping is reversed. Since the evidence at trial was sufficient to sustain a conviction of kidnapping, under proper instructions, the cause is remanded for a new trial as to that count.

Defendant raises an evidentiary issue which merits brief discussion. At trial, the victim's wife was permitted to identify some bloodstained pajama tops worn by her husband, as well as bloodstained towels which the assailants used to clean off her husband before he was dressed and taken to his business. Defendant claims that the exhibition and admission of this evidence inflamed the jury and had no probative value. We disagree.

The items were not inflammatory and were far less gruesome than the testimony on this brutal incident. Furthermore, the people sought to show that the victim's head wounds were so severe that blood would have stained defendant's trousers while the victim rested his head on defendant's lap during the ride to the restaurant. We conclude that the evidence corroborated this testimony, and no abuse of discretion occurred. See *People v Ranes,* 58 Mich App 268, 271; 227 NW2d 312 (1975), *People v Musser,* 53 Mich App 683, 691–692; 219 NW2d 781 (1974), *lv den,* 392 Mich 798 (1974).

Defendant also claims that the sentencing judge erroneously considered the details of a prior conviction and the statement of an unnamed prison psychologist as to defendant's criminal tendencies. However, the judge said that he would not con-

sider the details of the prior conviction and would not give the psychologist's opinion undue weight. At no time did defense counsel seek the opportunity to confront this expert, or to introduce evidence as to defendant's character. We perceive no error. See *People v Lee,* 391 Mich 618, 637–639; 218 NW2d 655 (1974). Likewise, defendant's claim that the sentences of life imprisonment for both crimes constitute cruel and unusual punishment is untenable. We will not substitute our judgment for that of the sentencing judge. Defendant received a legal, statutory sentence for the commission of two violent crimes. See *People v Alsteens,* 49 Mich App 467, 478–479; 212 NW2d 243 (1973), *People v Anthony Williams,* 37 Mich App 257; 194 NW2d 412 (1971).

Affirmed except as to defendant's conviction of kidnapping; reversed and remanded for new trial as to kidnapping.