PEOPLE v THURMOND

Opinion of the Court

1. Criminal Law—Evidence—Similar Crimes—Rebuttal—Alibi
   Defense.
   Evidence of other similar crimes committed by a defendant is not
   admissible to rebut an alibi defense.

Dissent by V. J. Brennan, J.

2. Criminal Law—Evidence—Rebuttal—Discretion.
   *Whether evidence is properly rebuttal evidence is a matter for
   the trial court's discretion.*

3. Criminal Law—Evidence—Rebuttal—Issues in Case in Chief—
   Issues by Way of Defense.
   *Rebuttal is limited to the refutation of relevant and material
   evidence, i.e. evidence bearing on an issue properly raised in
   the case; such an issue could be one raised in the prosecutor's
   case in chief or raised by way of defense, and evidence on
   either would be subject to rebuttal.*

4. Criminal Law—Evidence—Rebuttal—Issues in Case in Chief.
   *Rebuttal evidence may be admitted where it bears on an issue
   properly raised by the defense; rebuttal evidence is not inad-
   missible simply because that evidence could have been pre-
   sented in the prosecution's case in chief.*

5. Criminal Law—Evidence—Rebuttal—Alibi Defense.
   *Evidence of a common pattern of a defendant's past offenses may
   be admissible to rebut an alibi defense.*

References for Points in Headnotes
[1, 5] 29 Am Jur 2d, Evidence § 321.
[2] 29 Am Jur 2d, Evidence § 269.
[3, 4] 29 Am Jur 2d, Evidence §§ 250, 269.
[6, 7] 75 Am Jur 2d, Trial § 146.
[8, 9, 11] 75 Am Jur 2d, Trial § 876 *et seq.*
[10] 20 Am Jur 2d, Courts § 233.

6. Witnesses—Criminal Law—Rebuttal—Notice—Statutes—Discretion.

   *Testimony of rebuttal witnesses for the prosecution must be excluded where notice of rebuttal is not served on defense counsel as provided by statute; however, the statute also gives the trial court discretion to allow notice to be given after the period normally required by statute (MCLA 768.20[2]; MSA 28.1043[2]).*

7. Witnesses—Criminal Law—Rebuttal—Late Notice—Discretion—Statutes.

   *A trial court's exercise of discretion in allowing three prosecution rebuttal witnesses to testify was proper, although formal service of notice of rebuttal was not made prior to trial, where defense counsel knew of the existence of two of the witnesses well before trial, and he was informed during the prosecution's cross-examination of a defense alibi witness of the possibility that the prosecution might call a rebuttal witness (MCLA 768.20[2]; MSA 28.1043[2]).*

8. Criminal Law—Instructions to Jury—Necessarily Included Offenses—Retroactivity.

   *Refusal to instruct a jury on necessarily included offenses is generally reversible error; however, Supreme Court precedent to this effect is not retroactively applicable.*

9. Criminal Law—Instructions to Jury—Included Offenses—Length of Incarceration Period—Retroactivity.

   *In any case where the charged offense is punishable by incarceration for more than two years, the court whether or not requested may not instruct the jury on lesser included offenses for which the maximum allowable period of incarceration is one year or less; however, Supreme Court precedent to this effect is not retroactively applicable.*

10. Courts—Precedent—Prospective Effect—New Policy.

    *A decision of the Supreme Court which clearly sets new policy should be accorded only prospective effect.*

11. Criminal Law—Instructions to Jury—Necessarily Included Offenses—Precedent—New Trial.

    *A case should not be reversed for failure to give a requested instruction on a necessarily included offense where the charged crime was punishable by more than two years incarceration, where the necessarily included offense was punishable by incarceration for one year or less, and where the defendant if given a new trial would not be entitled to an instruction on the*

*necessarily included offense pursuant to recent Supreme Court precedent.*

Appeal from Wayne, Richard D. Dunn, J. Submitted December 17, 1976, at Detroit. (Docket No. 26533.) Decided May 2, 1977. Leave to appeal applied for.

Kelly Thurmond was convicted of unarmed robbery and assault with intent to commit rape. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training & Appeals, and *Charles P. Kellett,* Assistant Prosecuting Attorney, for the people.

*Moore & Maloney, P. C.* (by *Laurence Shultz),* for defendant.

Before: R. M. MAHER, P. J., and V. J. BRENNAN and N. J. KAUFMAN, JJ.

R. M. MAHER, P. J. The dissent accurately states the facts. *People v Parker,* 65 Mich App 592; 237 NW2d 572 (1975), correctly held that testimony about other crimes does not properly rebut an alibi defense. Defendant's convictions must be reversed.

Reversed and remanded.

N. J. KAUFMAN, J., concurred.

V. J. BRENNAN, J. *(dissenting).* Defendant Kelly Thurmond was charged with robbery unarmed contrary to MCLA 750.530; MSA 28.798 and assault with intent to commit rape contrary to MCLA 750.85; MSA 28.280. On July 22, 1975, defendant was convicted by a jury in Wayne

County Circuit Court, Judge Richard D. Dunn presiding. Defendant made a motion for new trial, which was heard and denied on November 26, 1975. On August 12, 1975, Judge Dunn sentenced the defendant to terms of 10 to 15 years in prison on the unarmed robbery charge and 6 to 10 years in prison on the assault charge. Defendant appeals as of right.

Defendant's conviction arose out of events occurring in the early evening of February 15, 1975. Complainant Mary Kaye was entering her apartment in Highland Park, Michigan when a man, under pretense of helping her open the door, grabbed her from behind and forced her into the basement. The man then attempted to remove her clothing, but was interrupted in his assault by another apartment resident, Ms. Colleen Zinger, who had heard complainant's shouts and rushed down to investigate. The assailant grabbed complainant's purse and fled from the building through a basement door. On April 5, 1975, both complainant and Ms. Zinger identified defendant from a line-up as the man who had been responsible for the assault and robbery.

Defendant filed notice of alibi defense on June 4, 1975, and amended notice of alibi on July 3, 1975. At trial defendant testified in his own behalf. He stated that he was attending a birthday party at his aunt's home when the incident occurred. This testimony was corroborated by defendant's aunt, Lovie Rimmer. She testified that the party was held on February 15 because she was working on the actual date of her birthday, February 10. She stated that she did not work on the morning of February 15.

After the defense rested their case, the prosecution moved to endorse three rebuttal witnesses.

Though the prosecution had not filed notice of rebuttal to defendant's alibi defense, the trial court made the decision to allow the testimony of the proposed witnesses. Frank Dombrowski was allowed to testify on the basis of rebutting the credibility of Lovie Rimmer. He testified that witness Rimmer had come to work on the morning of February 15, 1975. Rosetta Turner and Laura Tavolette were allowed to testify for purposes of showing defendant's general plan or scheme. Witness Turner testified that defendant had robbed her on a prior occasion. Witness Tavolette testified that defendant had raped and robbed her in a previous incident. Defense counsel objected to the testimony of each of these witnesses.

In giving instruction to the jury, the trial court refused defendant's request to instruct on the lesser included offenses of assault and assault and battery. Defense counsel properly registered his objection. On appeal, defendant has lodged three separate allegations of error. In light of my disagreement with my brothers MAHER and KAUFMAN, I feel constrained to speak to each allegation raised.

Defendant argues initially that the trial court erred reversibly by allowing testimony of witnesses Turner and Tavolette on rebuttal for the purpose of showing plan or scheme where defendant had raised an alibi defense. I do not agree.

What is properly rebuttal evidence has traditionally been a matter for the trial court's discretion. *People v Utter,* 217 Mich 74, 83–84; 185 NW 830 (1921); *People v Ebejer,* 66 Mich App 333, 341; 239 NW2d 604 (1976). However, recent case decisions have narrowed somewhat the legal range in which this discretion may be exercised. *People v Bennett,* 393 Mich 445; 224 NW2d 840 (1975);

*People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974). In *Bennett,* the Court identified the general scope of permissible rebuttal:

"This argument misconceives the office of rebuttal. Rebuttal is limited to the refutation of relevant and material evidence—hence evidence bearing on an issue properly raised in a case.

"Such issue of course could be one raised in the prosecutor's case in chief or one raised by way of defense, and evidence on either would be subject to rebuttal." *People v Bennett, supra* at 449.

What must be realized is that *Bennett* and *McGillen* do not prohibit rebuttal evidence simply because that evidence *could* have been presented in the prosecution's case in chief. Evidence may correctly be admitted if it is offered to refute an issue raised in the prosecution's case in chief *or* "by way of defense". *People v Parker,* 65 Mich App 592, 597; 237 NW2d 572 (1975) (dissent by BRENNAN, J.). Where rebuttal evidence bears on an issue properly raised by the defense, the trial court is not in error by allowing its admission. *People v Bennett, supra* at 449.

I feel that defendant's presentation of an alibi defense injected an issue into the case which justified the rebuttal testimony of witnesses Turner and Tavolette concerning the common pattern of defendant's past offenses. I see no connection between this situation and one where the prosecution improperly manufactures an issue by the denials he elicits on cross-examination. *People v Bennett, supra* at 449. Evidence of similar acts served in this case to disprove the theory of misidentification implicit in presenting an alibi defense. *People v Parker, supra* at 599.

I must therefore conclude that the trial court

did not abuse its discretion by admitting this testimony.

Defendant next argues that the mandatory provisions of 1974 PA 63[1] apply to this case. See MCLA 768.21(2); MSA 28.1044(2). I agree with this proposition. As a result, I believe that testimony of rebuttal witnesses must be excluded where notice of rebuttal is not served on defense counsel as provided in MCLA 768.20(2); MSA 28.1043(2).[2] However, I also recognize the trial court retains discretion to allow notice of rebuttal to be given after the period normally required by the statute —that is, "at such other time as the court may direct". MCLA 768.20(2); MSA 28.1043(2).

I believe there was sufficient reason for affirming the trial court's exercise of discretion in allowing the three rebuttal witnesses to testify on such late notice. Specifically, defense counsel knew of the existence of both witnesses Turner and Tavolette well before trial. Further, he was informed during prosecution's cross-examination of one defense alibi witness of the possibility prosecution might call rebuttal witnesses. I feel the trial court was within his discretion by allowing the endorsement and

---

[1] "If the prosecuting attorney fails to file and serve a note of rebuttal upon the defendant as provided in section 20 or 20a, the court shall exclude evidence offered by the prosecution in rebuttal to the defendant's evidence relevant to a defense specified in section 20 or 20a. If the notice given by the prosecuting attorney does not state, as particularly as is known to the prosecuting attorney, the name of a witness to be called in rebuttal of the defense of alibi or insanity, the court shall exclude the testimony of a witness which is offered by the prosecuting attorney for the purpose of rebutting that defense." MCLA 768.21(2); MSA 28.1044(2).

[2] "Within 10 days after the receipt of the defendant's notice but not later than 5 days before the trial of the case, or at such other time as the court may direct, the prosecuting attorney shall file and serve upon the defendant a notice of rebuttal which shall contain, as particularly as is known to the prosecuting attorney, the names of the witnesses whom the prosecuting attorney proposes to call in rebuttal to controvert the defendant's defense at the trial of the case." MCLA 768.20(2); MSA 28.1043(2).

testimony of these three witnesses without filing formal service of notice prior to trial.

Defendant finally alleges that the trial court erred in refusing to instruct on the lesser included offenses of assault and assault and battery. I perceive no error here.

Defendant's trial occurred July 21–22, 1975. On December 18, 1975, the Michigan Supreme Court decided two cases which appear to bear directly on the present matter. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975); *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975). Appearances can be deceiving.

In *Ora Jones, supra,* the Court ruled that reversible error occurs where the trial court refuses on request to instruct on necessarily included offenses. *People v Ora Jones, supra* at 390. However, in *Chamblis, supra,* the Court found that policy considerations did not permit the trial court to instruct on lesser included offenses involving imprisonment for less than a year where the charged offense was punishable by incarceration for more than two years. *People v Chamblis, supra* at 427–429. Assault with intent to rape may bring up to ten years in prison. Assault and assault and battery are misdemeanors involving a penalty of not more than 90 days in county jail. MCLA 750.81, 750.504; MSA 28.276, 28.772. See also, *People v Chamblis, supra,* at 428.

At the outset, inquiry must be made as to whether these decisions have retroactive or only prospective effect. In the case of *Ora Jones,* I can find no indication in the decision itself as to what the Court intends. Further, I choose to break with what I perceive as premature rulings[3] of this Court

---

[3] *People v Harrison,* 71 Mich App 226, 227–228; 247 NW2d 360 (1976). For rulings on the retroactivity of *Ora Jones* only as regards

holding *Ora Jones* retroactive on the strength of a later inconclusive communication from the Supreme Court. *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976). In *Lovett,* the Court nowhere specifically discussed the question of retroactivity.

Consequently, I do not believe retroactivity can be inferred simply because the rule announced in *Ora Jones* was applied in *Lovett.* I do not believe the Supreme Court would determine that a major decision like *Ora Jones* was retroactive without some clear and substantial treatment of the matter.

What I do perceive is that *Lovett* and the instant case were in process of appeal when *Ora Jones* was released. On this basis alone, I feel justified in denying such a major police step *(i.e.,* retroactivity) as extending *Ora Jones* to cases not in process of appeal prior to December 18, 1975. *Price v Court of Appeals,* 393 Mich 457, 458–459; 225 NW2d 364 (1975). In the instant case, however, I do apply the rule announced in *Ora Jones.*

Unlike *Ora Jones,* the *Chamblis* decision does give strong evidence of the Court's position concerning whether the limiting principle we deal with here would be applied retroactively or only prospectively. *People v Chamblis, supra* at 427–429. Simply, I feel that because the Court's decision clearly set new policy, the decision can be accorded only prospective effect. *People v Morris,* 69 Mich App 545, 552, n 2; 245 NW2d 126 (1976).

I recognize that assault is a necessarily included offense to assault with intent to rape, though assault and battery is not. *People v Ross,* 73 Mich App 287; 251 NW2d 268 (1977).

failure to instruct on necessarily included offenses when requested *see also People v Page,* 73 Mich App 667; 252 NW2d 239 (1977); *People v Jones,* 71 Mich App 270, 273–274; 246 NW2d 381 (1976); *People v Jackson,* 70 Mich App 478, 480–481, 245 NW2d 797 (1976).

Therefore, in applying the rule of *Ora Jones* to the present case, reversal would normally be required where the trial court has failed to instruct on a necessarily included offense.

I also recognize that *Chamblis* would not normally apply to the appeal in this case where the trial was held prior to the *Chamblis* decision date.

However, I further realize that were reversal to be ordered on the basis of *Ora Jones,* defendant would not be able on retrial to request an instruction on assault under *Chamblis.* Consequently, rather than return the case upon an error which will not constitute error on retrial, I would choose to affirm on this point instead. *People v Ross, supra.*

Thus, having reviewed all the errors alleged on this appeal, I can find no grounds to reverse. I would affirm.