PEOPLE v SHELDEN

Docket No. 63406. Decided February 1, 1980. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgments of the Court of Appeals and the Kent Circuit Court, and remanded the case for a new trial.

Keith A. Shelden was convicted by a jury in Kent Circuit Court, Roman J. Snow, J., of first-degree criminal sexual conduct. The trial judge, over objection, permitted the prosecutor to cross-examine the defendant's brother about an alleged attempt by the defendant to bribe a prospective witness in an unrelated criminal charge against the brother. The prosecutor was also allowed to elicit rebuttal testimony from the complainant that the defendant's brother had threatened her sister's life and had stated that he would try to get the complainant fired from her job unless she dropped the charge against the defendant. The Court of Appeals, D. E. Holbrook, Jr., P.J., and R. B. Burns and Bashara, JJ., affirmed in an unpublished per curiam opinion (Docket No. 78-3591). Defendant applies for leave to appeal. *Held:*

1. The trial court erred in overruling defense counsel's objection, on the ground of relevance, to the prosecutor's inquiry about the alleged bribery attempt and in permitting further inquiry. It was clearly improper for the prosecutor to attempt to impeach the credibility of a witness by confronting him with a rumor of an alleged bad act of a third person. This tactic was particularly egregious in view of the fact that the other person who allegedly attempted the bribery was the defendant in this case. In this case, which turned largely on the credibility of the witnesses, it was not harmless error to allow the prejudicial innuendo to be placed before the jury.

2. The testimony concerning threats by the defendant's brother was also improper. Since no connection to the defendant was shown, it was lacking in probative value. Moreover, the testimony was beyond the scope of proper rebuttal. It did not disprove prior testimony of a witness, nor did it refute evidence bearing on an issue properly raised in the case.

The judgments of the Court of Appeals and the Kent Circuit Court are reversed, and the case is remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Assistant Prosecuting Attorney, for the people.

*Catchick & Dodge* for defendant.

PER CURIAM. At the defendant's trial on a charge of first-degree criminal sexual conduct,[1] the trial judge permitted, over defense counsel's objection, prosecutorial cross-examination of defendant's brother about defendant's alleged attempt to bribe a prospective witness in an unrelated criminal charge against the brother. The prosecutor was also allowed to elicit rebuttal testimony from the complainant that the defendant's brother had threatened her sister's life and stated that he would try to get complainant fired from her job unless she dropped the charge. We find that these inquiries violate evidentiary rules relating to relevance and rebuttal testimony. We reverse the defendant's conviction of first-degree criminal sexual conduct, which was affirmed by the Court of Appeals, and remand for a new trial.

The complainant, her boyfriend, and defendant's brother all worked together in Cedar Springs. At trial, complainant testified that she was raped by defendant Keith Shelden at the house of defendant's brother on the afternoon of July 25, 1977. The record indicates that the trial became a credibility contest not without some mudslinging by both sides.

Defendant's brother testified that on the evening of July 25, the complainant called him and offered to drop the charges against the defendant in exchange for $5,000. In an effort to discredit the

---

[1] MCL 750.520b; MSA 28.788(2).

testimony of defendant's brother relating to the alleged extortion attempt by the complainant, the prosecutor, over defense counsel's objection, cross-examined defendant's brother about an alleged attempt that the defendant had made to bribe a prospective witness in an unrelated criminal charge against the brother. In pursuing this matter, the assistant prosecutor asked the following questions:

"*Q.* Who is Sharon Knox?

"*A.* Sharon Knox. I think she is a cousin of mine.

"*Q.* Well, why did you have to look? You knew she was a cousin?

"*A.* I couldn't place the last name.

"*Q.* Okay. Sharon Knox lived where in about 1973?

"*A.* In Illinois.

"*Q.* Isn't it a fact that your brother, Keith, offered her $500 in your trial to testify when you were being charged and on trial for safecracking, that your brother, Keith, the defendant in this case, offered her, Sharon Knox, $500 to say that you and he were, or whoever else, at a party in Chicago, Illinois, isn't that a fact?

"*A.* Not that I know of, because she was never at my trial.

"*Q.* She was never at your trial?

"*A.* No, sir.

"*Q.* Did you hear about that?

"*A.* I don't recall, sir.

"*Q.* Something like that you would remember?

"*Mr. Dodge [Defense Counsel]:* Excuse me. Just a minute, Mr. Zerial. Could we approach the bench at this point, please?

"*The Court:* You may make an objection if you want.

"*Mr. Dodge:* I would object to it. I don't see any relevance.

"*Mr. Zerial [Assistant Prosecutor]:* I think it's entirely relevant because this man is contending that it's the other people making the bribe when, in fact, we can

show the credibility of this witness and the fact of a history.

"*The Court:* The objection is overruled.

"*Q. (Mr. Zerial):* Now you heard about that, did you not?

"*A.* I have heard something on it, yes.

"*Q.* You heard it before I just mentioned it today, didn't you?

"*A.* Yes.

"*Q.* And, in fact, Sharon Knox was supposed to, I say supposed to, have gotten an offer or bribe or whatever for $500 from your brother, Keith, to say that you and whoever else were at a party in Chicago, Illinois, on the date and time of the burglary of the safe vault, whenever that was supposed to have happened, isn't that a fact that you have heard that?

"*A.* I heard it, but Sharon Knox denied it she told me.

"*Q.* Again, you are under oath, and Sharon is not here, but she was supposed to be an alibi witness for you, is that correct?

"*A.* No, sir."

We believe that the trial court erred in overruling defense counsel's objection on relevancy grounds[2] to this line of inquiry and in permitting further inquiry. It was clearly improper for the prosecutor to attempt to impeach the credibility of a witness by confronting the witness with a rumor of a third person's alleged bad act. This tactic was particularly egregious in view of the fact that the other person involved in the attempted bribe was the defendant in the instant case. In a case such as the instant one, turning largely on the credibility of the witnesses, we do not believe that it was harmless error to allow this prejudicial innuendo to be placed before the jury.

A defense witness testified that complainant's boyfriend had threatened to "put a contract" out

---

[2] See MRE 401 and MRE 402.

on the witness if she testified for the defendant.[3] On rebuttal, the prosecutor, over defense counsel's objection, elicited testimony from the complainant that the defendant's brother had threatened that "he would bring up my past history and try to get me fired from my job" and would "send a motorcycle gang after" the complainant's younger sister who was at home alone while their mother worked. We find this testimony to have been improper. Since no connection to the defendant was indicated by the testimony, it was lacking in probative value. Moreover, the testimony was beyond the scope of proper rebuttal. The rebuttal testimony did not disprove prior testimony of a witness, nor did it refute evidence bearing on an issue properly raised in the case. See *People v Quick,* 58 Mich 321; 25 NW 302 (1885); *People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974), and *People v Bennett,* 393 Mich 445; 224 NW2d 840 (1975).

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and of the Kent Circuit Court and remand the matter for new trial.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[3] We note that this testimony indicates that the defense engaged in the same improper tactic utilized by the assistant prosecutor which we disapproved of above.