702 P.2d 711

**STATE of Arizona, Appellee,**

v.

**Darrel JOHNSON, Appellant.**

**No. 1 CA–CR 7517.**

Court of Appeals of Arizona, Division One, Department B.

April 16, 1985.

Review Denied July 2, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Kimberly A. O'Connor, Deputy Public Defender Attys., Phoenix, for appellant.

OPINION

KLEINSCHMIDT, Judge.

Appellant was charged with and convicted of the offense of child molestation,

A.R.S. § 13–1410, a class two felony. He was sentenced to a presumptive term of imprisonment of seven years.

Appellant was alleged to have engaged in certain sexual conduct with two female victims. One of the victims, who was five years old at the time of the incident and six years old at the time she testified, related certain incidents which allegedly occurred in Phoenix between herself and the appellant and between the appellant and the victim's three year old playmate. The state was allowed to call another witness, a child brought from New Mexico, who testified that the appellant had molested her several years before the acts which were the subject of this charge.

While appellant concedes that evidence of prior, similar acts involving conduct evidencing a propensity toward "sexual aberration," is properly admissible as part of the state's case-in-chief, *State v. Jerousek*, 121 Ariz. 420, 590 P.2d 1366 (1979), he argues that only after a full week of trial was the defense notified of the state's intention to use evidence of a prior bad act, or evidence of sexual aberration, through the testimony of a prior victim. Appellant argues that the "glaring misconduct on the part of the prosecutor was grossly prejudicial to appellant." The state argues that the trial court properly admitted the evidence of "sexual aberration" by appellant through the testimony of the witness from New Mexico because it was not prejudicial and appellant had sufficient notice of the proposed testimony to properly prepare for trial. Under the facts of this case, we find the admission of the testimony to have been reversible error.

Less than a month before trial, the state filed a supplemental notice of disclosure pursuant to Rule 15, Arizona Rules of Criminal Procedure, giving notice that it might call the New Mexico witness to testify about a prior act of child molestation by appellant. The notice of disclosure stated that the witnesses "may be used as part of the state's rebuttal/impeachment of the defendant should he elect to take the stand." On the day before opening statements, the

prosecutor, the defense counsel, and the court agreed that the state could not put on evidence of the prior bad acts unless defense counsel, through appellant's testimony at trial, opened the door to the prior acts of molestation. The prosecutor, in fact, stated, "I agree I cannot allude to them [the prior bad acts]". Both the prosecutor and court were under the misapprehension that the testimony of the rebuttal witnesses would be relevant and admissible only if the defendant opened the door to that testimony by denying that he had ever molested *any* child. Apparently, neither was familiar with the holding in *Jerousek*.

At the start of the trial, defense counsel made an opening statement in which he told the jury that the defendant would take the stand and testify, although he was under no obligation to do so, and that the defense would also present character evidence which showed that the defendant had a good reputation for truth and veracity. Counsel told the jurors that they were "going to have to decide who is telling the truth." He also advised them that the victim's credibility was suspect and that she had told at least three different versions of her story to different people.

Well after the trial began, and just before the state was about to rest its case, the prosecutor advised the court for the first time that he had learned that there was such a thing as the "sexual aberration" exception to the prior bad acts rule, Rule 404, Arizona Rules of Evidence, and moved to admit the evidence of the prior bad acts in the state's case-in-chief. Defense counsel objected. the trial judge stated that under *State v. Smith*, 140 Ariz. 355, 359, 681 P.2d 1374, 1378 (1984), she was required to allow the state to admit the testimony and that preclusion would be improper. Defense counsel argued that the state's request came too late because: (1) the state had deliberately listed the witnesses as rebuttal or impeachment witnesses only; 2) the state had failed to disclose that it would utilize any prior bad acts as it was required to give notice of under Rule 15.1(a)(6), Arizona Rules of Criminal Proce-

dure; (3) that an interview of the witness would not be adequate because counsel would have conducted other investigation and reviewed possible prior inconsistent statements by the other witness; (4) defense counsel would have requested a psychological evaluation of the witness, *State v. Roberts*, 139 Ariz. 117, 120–21, 677 P.2d 280, 283–84 (App.1983), and (5) defense counsel had made an opening statement in which he had set forth the defense position, i.e. a one-on-one battle of credibility in which the defendant would take the stand supported by numerous character witnesses vouching for his credibility. With the change in the state's case, mid-way through trial, the defense strategy, as laid out for the jury in the opening statement, collapsed.

 *State v. Smith, supra,* which the trial court found compelling, sets forth four criteria for determining whether the sanction of preclusion should be imposed where a party seeks to call a previously undisclosed witness:

1. how vital the witness is to the case;
2. whether the opposing party will be surprised;
3. whether the discovery violation was motivated by bad faith or willfulness; and,
4. any other relevant circumstances.

*State v. Smith,* 140 Ariz. at 359, 681 P.2d 1374. *See also, Richardson v. State,* 246 So.2d 771, 775 (Fla.1971) (before remedy of preclusion should be invoked, the court must conduct an inquiry to determine whether the disclosure violation was (1) willful or inadvertent; (2) trivial or substantial, and (3) the effect upon the ability of the defendant to properly prepare for trial). Furthermore, we note that rebuttal evidence is generally limited to the refutation of relevant and material evidence properly raised in the case-in-chief. *See e.g., State v. Shepherd,* 27 Ariz.App. 448, 555 P.2d 1136 (1976); *People v. Bennett,* 393 Mich. 445, 449, 224 N.W.2d 840, 842 (1975). The tactic of eliciting a denial by a defendant of some statement not properly presented in the state's case-in-chief does not serve, generally, to inject an issue into the case which may then be rebutted by the state. *People v. Bennett, supra.* This is important, because the state, the court, and the defense agreed at the outset of trial that the evidence of the other bad acts would not be admissible except in the event the defense "opened the door" to the testimony from the New Mexico witness by denying that he had ever molested *any* child.

The trial court should not have allowed the state to call the witness. Applying the *Smith* criteria, it is clear that the witness was important to the state's case because the victim's testimony was quite inconsistent. We are also satisfied that the incident was not motivated by bad faith or willfulness on the part of the prosecutor. As the matter developed, however, it came as a complete surprise to defense counsel, undermined his presentation of the defense, and, from all we can tell from the record, made it impossible to adequately prepare the case. A more specific consideration of these conclusions is in order.

Defense counsel was never advised prior to trial that the witness would be called as anything but a rebuttal witness. Since he did not plan to elicit testimony that would trigger rebuttal by evidence of the commission of a prior bad act, he had little incentive to investigate the witness and the circumstances giving rise to her testimony. As the trial was allowed to develop, the appellant, in effect, found himself facing two separate charges instead of one. Permitting the appellant to interview the witness in mid-trial, before she testified, could hardly suffice for the thorough investigation that would have been indicated had counsel been given adequate notice of what to expect.

 The state seeks to rebut this observation with the argument that evidence of other bad acts is admissible on rebuttal if it is in direct reply to, or in contradiction of, evidence introduced by the adverse party. Udall and Livermore, *Law on Evidence,* (2d ed. 1982) § 4 at 8–9. There are two things wrong with the state's argument.

First, whether this witness would have been testifying in *direct* reply to the appellant's evidence is highly debatable. Second, here, all parties agreed before trial that the state could not call the witness unless the appellant opened the door by testifying that he had *never* molested *any* child. The way appellant's counsel planned the defense he had no real need to investigate the witness, her story, or her psychological state. This inability to investigate is, alone, sufficient reason to reverse.

If that were not enough, counsel for the appellant, in line with the court's previous ruling, told the jury in his opening statement that the case was a matter of the appellant's word against the victim's story. He also told them that character witnesses would vouch for the appellant's veracity. When the state was allowed to call the witness from New Mexico, the appellant decided not to testify. The state argues that there was nothing about the new witness' testimony that should have affected the appellant's decision on whether or not to testify. The state contends that the appellant could have taken the stand and testified, since he was the only person who could refute the testimony of the victim, and since he was the only person who could refute the testimony of the witness. It is not hard to imagine reasons why the defense, surprised, changed strategy. As a tactical matter, since defense counsel was not prepared to corroborate anything the defendant may have testified to concerning the New Mexico witness, he may have thought it better to downplay the mounting evidence rather than highlight it by submitting to cross-examination. Conceivably, the defendant could have testified truthfully without incriminating himself as to the incident which was the subject of the prosecution but not as to the New Mexico incident. Indeed, in arguing against the state's request to call the witness, defense counsel referred to this very possibility. It is easy to understand the probable devastation wrought because the defense had to abandon the case it outlined for the jury. The promised defense simply never materialized—the jury must have speculated why.

It is an especially grave step to require a new trial when to do so will make it necessary for children to testify again. There can be, however, no valid conviction without due process of law. The judgment of conviction is set aside and this case is remanded to the trial court for further proceedings.

GREER and JACOBSON, JJ., concur.