PEOPLE v BROWN

PEOPLE v PATRICK

1. EVIDENCE—REBUTTAL—RELEVANT AND MATERIAL EVIDENCE.

Rebuttal is limited to the refutation of relevant and material evidence bearing on an issue properly raised in a case.

2. CRIMINAL LAW—EVIDENCE—WITNESSES—REBUTTAL—CASE IN CHIEF.

Testimony of a witness whom the prosecution failed to attempt to indorse until the day before trial and the indorsement of whom was disallowed by the trial court was improperly allowed as rebuttal evidence during the trial where the evidence, a tape recording of a telephone call allegedly made by the defendant and the witness's testimony concerning the call, properly belonged to the prosecution's case in chief.

3. CRIMINAL LAW—EVIDENCE—REBUTTAL—CODEFENDANTS—PREJUDICE.

One of two codefendants was prejudiced by the admission of a taped conversation in which the first defendant's name was mentioned where testimony regarding that conversation and the tape were allowed as rebuttal to the second defendant's testimony.

4. CRIMINAL LAW—EVIDENCE—HEARSAY.

Testimony of a witness relating what she had been told by the victim of an alleged extortion plot was clearly hearsay and not properly admissible.

5. CRIMINAL LAW—EVIDENCE—HEARSAY—EXCEPTIONS—STATE OF MIND.

The "state of mind" exception to the hearsay rule permits admis-

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 249–251, 269.
[2] 29 Am Jur 2d, Evidence §§ 269, 436.
[3] 29 Am Jur 2d, Evidence §§ 268, 269.
[4] 29 Am Jur 2d, Evidence § 497.
[5] 29 Am Jur 2d, Evidence §§ 497, 650.
[6] 29 Am Jur 2d, Evidence §§ 723, 724.

sion of hearsay evidence to show the state of mind of the declarant, not that of the witness.

6. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—INDORSEMENT BY PROSECUTION.

The prosecution in a criminal case is obligated to indorse and produce all known res gestae witnesses; therefore, a witness who was present at the scene of an alleged crime was properly ordered to be indorsed and called, over the prosecution's objection, even where her testimony was favorable to the defendants.

Appeal from Midland, James R. Rood, J. Submitted May 3, 1977, at Lansing. (Docket Nos. 27357, 27432.) Decided July 18, 1977. Leave to appeal applied for.

Danny A. Brown and Patrick M. Patrick were convicted of extortion and felonious assault. Defendants appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward G. Durance,* Prosecuting Attorney, and *Richard L. Lee,* Assistant Prosecuting Attorney, for the people.

*Bower & Rogers,* for defendant Brown.

*Wilson, Stone & Beale,* for defendant Patrick.

Before: DANHOF, C. J., and R. B. BURNS and E. A. QUINNELL,* JJ.

E. A. QUINNELL, J. These two defendants appeal their convictions of extortion, MCLA 750.213; MSA 28.410, and felonious assault, MCLA 750.82; MSA 28.277, by a jury following a joint trial. For the reasons stated below, we reverse the convictions and remand for a new trial or trials.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

## I.

The prosecution attempted to have endorsed one Deputy William Hawk as a res gestae witness on the day before trial. Both defense counsel objected to the tardy endorsement and the court sustained the objection. During the trial the prosecution was allowed to call this same Deputy Hawk to testify as a rebuttal witness, his testimony being what the people had sought to have introduced in their case in chief. Hawk's testimony was used to introduce into evidence the tape recording of a telephone conversation in which defendant Brown allegedly attempted to call off the extortion plot. Brown had denied making this call upon cross-examination by the prosecutor. The prosecution maintained that the purpose of Hawk's testimony was only to impeach the testimony of defendant Brown, and it was admitted on that basis. The tape which was played twice before the jury recorded a man's voice saying "[T]ell them not to carry through with it".

The defendants claim that the trial court committed reversible error by allowing this "rebuttal evidence" over objections by the defense.

*People v Bennett,* 393 Mich 445, 449–450; 224 NW2d 840 (1975), is controlling in this instance. In *Bennett,* the Court said:

"Rebuttal is limited to the refutation of relevant and material evidence—hence evidence bearing on an issue properly raised in a case.

"Such issue of course could be one raised in the prosecutor's case in chief or one raised by way of defense, and evidence on either would be subject to rebuttal.

"But here, where the prosecutor did not offer this evidence in his case in chief, which he would have had

to do if this were to be regarded as an admission or part of a scheme, it did not bear on an issue raised by the people.

"Neither does it bear on an issue raised by the defense.

"The device of eliciting a denial of some statement not properly in the case at the time of denial will not serve to inject an issue.

"Both the statement and the veracity of the witness are then collateral matters and the cross-examiner is bound by the response. *People v Hillhouse,* 80 Mich 580; 45 NW 484 (1890)."

The *Bennett* opinion cited *People v Quick,* 58 Mich 321; 25 NW 302 (1885), in which the Court ruled that none of that which properly belongs to the (prosecutor's) case in chief can be reserved until after the defense rests, to be introduced as rebutting evidence.

And again in *People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974), which cites *Quick, supra,* as controlling, the Court held that nothing which tends to prove the commission of the crime itself or its immediate surroundings can be classed as rebutting evidence under ordinary circumstances, if at all.

The factual background here is analogous to that in *Bennett, supra.* The issue of the existence of this phone call was not raised by the prosecution in its case in chief, nor was it raised by the defense in its direct examination. That the defendant had demanded to make a phone call was indeed part of the prosecution's case in chief, but the actual existence of this particular phone call was not. The denial of making this phone call by defendant Brown was in fact elicited by the prosecution in the cross-examination of Brown, and it was to rebut this elicited denial that the prosecution successfully sought to have Deputy Hawk's

testimony admitted as rebuttal evidence to impeach defendant Brown.

The testimony of Deputy Hawk and the taped telephone conversation clearly belonged to the prosecution's case in chief. Neither should have been introduced into evidence merely by the ruse of eliciting a denial on cross-examination, then calling it "rebuttal evidence". The prosecution, without apparent good cause, failed to attempt to endorse Deputy Hawk until the day before trial. From the record before us, it appears that no mention was made even at that late date of the fact of a telephone conversation or the existence of a tape recording.

Furthermore, inasmuch as there were references to "Mike" on the tape, we hold that defendant Michael Patrick was at least prejudiced if not incriminated by the evidence.

## II.

The prosecution introduced the testimony of one Maryann Dull, relating what the victim, Michael Holder, had told her about the claimed extortion plot. Both defense counsel objected on the basis that the testimony was hearsay. The prosecution offered the following justification:

"Mr. Lee: Your Honor, I think this follows under the state of mind hearsay exception. I am not offering it to prove the truth of what Mr. Holder said. I am just offering it to show what affect (sic) it had on Mrs. Dull. And I would say that the purpose for it is to verify—"

The trial court overruled the objection, without indicating the rationale on which the testimony was permitted to be introduced.

The testimony was clearly hearsay; the obvious

purpose for its admission was to corroborate the testimony that Michael Holder had already given. It did not become admissible under the "state of mind" exception to the hearsay rule, Mrs. Dull's state of mind being totally irrelevant. Further, it appears that the prosecution has misinterpreted the "state of mind" exception to the hearsay rule; the state of mind referred to is that of the declarant, not that of the witness; see for instance Michigan Proposed Rules of Evidence, 803(3). *People v Kozlow*, 38 Mich App 517; 196 NW2d 792 (1972), involved an extrajudicial statement offered not to prove the truth of the matter asserted, but to affect credibility of the witness; it is inapposite.

Admission of the testimony was error.

## III.

During the testimony of other prosecution witnesses it became known that one Janine Dopp was present in the trailer where Patrick Holder was allegedly restrained. Over the objection of the prosecution, the court ordered her to be endorsed on the information and called by the prosecution, the motion having been made by counsel for the defendants during the first day of trial. Defense counsel did have an opportunity to interview her the night of that first trial day, and she indeed testified the following day. Her testimony was to the effect that she had been in the mobile home for 45 minutes to an hour with the alleged hostage, Patrick Holder, and that she saw no guns or any other activity indicating that he was being held against his will. Taking her testimony at face value, albeit retrospectively, it is clear that she is a res gestae witness, and should have been endorsed and called by the prosecution. Even taking the testimony of the prosecuting witnesses in the

light most favorable to the prosecution, her res gestae status is equally clear; the police knew that she was at the trailer when they arrived to rescue Patrick Holder, and that she had been there for some 15 minutes or so; and, that she had told another police witness that she had been at the trailer for just a few minutes before the police arrived. During trial, the prosecutor resisted the efforts of defense counsel to have her endorsed as a res gestae witness, claiming that she was a girlfriend of one of the defendants, and he made the further very interesting statement:

"Mr. Lee: She was subpoenaed for one purpose and one purpose only. I had a chance to review all the evidence and she says she can absolutely contribute nothing; heard no threats, saw no guns, saw no—"

That testimony is just as important to a fair presentation of the case as would be the most incriminating testimony possible. The obligation of the prosecution to produce it was set forth ·by Justice CHRISTIANCY over 100 years ago, *Hurd v People,* 25 Mich 405, 415 (1872).

## IV.

Defendant Brown also claims that the trial court erred in denying him a continuance. In view of the foregoing discussion, the continuance question need not be decided.

The defects of which the defendants complain might each be considered as harmless error if each had been the only defect in the case. However, taken collectively and cumulatively, we are satisfied that they are such as to require a new trial for these defendants.

On remand, the trial court may wish to consider

having separate trials in the event that the tape recording of Brown's telephone call is used. If the defendants are tried jointly, any reference to "Mike" should be deleted, *People v Macklin,* 46 Mich App 297, 302; 208 NW2d 62 (1973).

Reversed and remanded.