ZOKAS v FRIEND

Docket No. 68238. Submitted January 3, 1984, at Grand Rapids.—
Decided March 9, 1984.

Richard A. Zokas filed a complaint against Donald T. Friend,
Donald J. Friend, Patsy Friend, and North Central Michigan
College in Emmet Circuit Court alleging that Donald T. Friend,
a minor, negligently operated a motorcycle upon property
owned, operated, and controlled by the college and collided
with the motorcycle plaintiff was operating, causing plaintiff
injuries. Plaintiff also alleged that Donald J. and Patsy Friend,
as parents of Donald T. Friend, were responsible for the activi-
ties of the minor. The parties thereafter stipulated to the
dismissal of North Central Michigan College as a defendant.
Plaintiff then amended his complaint to allege that the parents
were negligent in supervising their son in the operation of a
motorcycle and were negligent in entrusting him with a motor-
cycle. The court, Martin B. Breighner, J., granted a directed
verdict in favor of the parents and the jury returned a verdict
of no cause of action in favor of Donald T. Friend. Plaintiff
appeals. *Held:*

1. The trial court did not abuse its discretion in granting
defendants' motion *in limine* to exclude evidence of the failure
of Donald T. Friend to procure a valid motorcycle endorsement
on his driver's license.

2. The trial court did not err in granting the parents' motion
for a directed verdict. There was not sufficient evidence intro-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 772 *et seq.*, 881.

[2] 29 Am Jur 2d, Evidence § 252.

[3] 57 Am Jur 2d, Negligence § 245.

[4, 5] 59 Am Jur 2d, Parent and Child § 130.

Parent' liability for injury or damage intentionally inflicted by
minor child. 54 ALR3d 974.

[5] 59 Am Jur 2d, Parent and Child § 131.

[6] 5 Am Jur 2d, Appeal and Error § 856.

[7] 46 Am Jur 2d, Judgments §§ 675, 677.

duced to establish a prima facie case of negligent entrustment and negligent supervision.

3. The trial court did not err in setting aside an earlier default judgment against defendants.

Affirmed.

1. EVIDENCE — APPEAL.

The admissibility of evidence is a question that rests in the trial court's discretion and the exercise of the court's discretion will not be overturned on appeal unless there has been a clear abuse of that discretion.

2. EVIDENCE — RELEVANT EVIDENCE.

Relevant evidence is evidence having any tendency to make the existence of any fact of consequence more probable or less probable than it would be without the evidence (MRE 401).

3. NEGLIGENCE — STANDARD OF CARE — PENAL STATUTES — PRESUMPTIONS.

Proof of violation of a penal statute adopted by a court as the standard of care in a negligence action gives rise to a rebuttable presumption of negligence.

4. NEGLIGENCE — PARENT AND CHILD — TORTS.

An injured party has a cause of action against the parent of a child where the person is injured by the negligent act of the child which proximately results from negligent parental supervision over the child.

5. NEGLIGENCE — DANGEROUS INSTRUMENTALITIES — TORTS — LIABILITY OF OWNER OR ENTRUSTER.

A parent or lender who entrusts a child or other person with a dangerous instrumentality may be held liable to a third party who is injured by the negligent act of the child or entrustee where the parent or lender knew, or could have reasonably been expected to know, that the person entrusted was incompetent; however, if the child or entrustee was not negligent in the operation of the entrusted dangerous instrumentality, no cause of action against either the entrustee or entrustor will arise.

6. APPEAL — DEFAULT JUDGMENTS — RELIEF FROM JUDGMENTS — ABUSE OF DISCRETION.

A trial court's ruling on a motion to set aside a default judgment will not be reversed on appeal absent a clear abuse of discretion.

7. JUDGMENTS — DEFAULT JUDGMENTS — RELIEF FROM JUDGMENTS — GOOD CAUSE.

A default judgment may be set aside by a trial court if good cause is shown and an affidavit of facts showing a meritorious defense is filed; good cause may be established by a showing of mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from the operation of the judgment (GCR 1963, 520.4, 528.3).

*Edward M. Waud,* for plaintiff.

*Fenner, Barney, Hoffman & Gano* (by *Steven L. Barney),* for defendants.

Before: R. B. BURNS, P.J., and V. J. BRENNAN and J. T. KALLMAN,* JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment entered on November 17, 1982, following a jury verdict of no cause of action in favor of defendant Donald T. Friend and from an order entered November 17, 1982, granting a directed verdict in favor of Donald J. Friend and Patsy Friend. Plaintiff does not challenge the jury's verdict of no cause of action.

On September 25, 1981, plaintiff filed a complaint against Donald T. Friend, Donald J. Friend, Patsy Friend, and North Central Michigan College, jointly and severally. Plaintiff alleged that on August 18, 1979, Donald T. Friend, then a minor, negligently operated a motorcycle upon real property owned, operated, and controlled by North Central Michigan College and collided with the motorcycle driven by plaintiff causing plaintiff severe injuries. Plaintiff alleged that Donald J. Friend and Patsy Friend, as the parents of Donald T. Friend, were "responsible for the activities of said minor". In an order entered on November 8,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1982, the parties stipulated to the dismissal of North Central Michigan College as a defendant. On November 9, 1982, the first day of trial, the trial court allowed plaintiff to amend his complaint and proceed on two separate theories of recovery. Plaintiff alleged that defendants Patsy and Donald J. Friend were negligent in supervising their son in the operation of a motorcycle and were negligent in entrusting him with a motorcycle.[1]

On January 8, 1982, plaintiff filed and served supplemental interrogatories on defendants Friend. Following a hearing on plaintiff's motion to compel answers, on February 1, 1982, an order was entered requiring defendants Friend to answer plaintiff's supplemental interrogatories within ten days or suffer a default judgment against them. The same day, plaintiff was given an unsigned copy of defendants' answers to the supplemental interrogatories. On February 16, 1982, a default judgment was entered against defendants Friend for failure to comply with the trial court's order to answer plaintiff's supplemental interrogatories. On March 26, 1982, an order was entered granting defendants' motion to set aside the default judgment. This Court denied plaintiff's application for leave to appeal in an order dated July 1, 1982.

Plaintiff's first claim is that the trial court abused its discretion in granting defendant Donald T. Friend's motion *in limine* to exclude evidence of his failure to procure a valid motorcycle endorsement on his driver's license.

Prior to the selection of the jury, defendants moved to exclude this evidence arguing that evidence of the existence or nonexistence of a motor-

---

[1] The motorcycle was not owned by the defendants. It was owned by a third person, not a defendant herein.

cycle endorsement was irrelevant and would be prejudicial because the collision did not occur on a public street or public highway. Plaintiff's counsel argued that although the evidence "wouldn't pertain to the liability of the defendant Donald T. Friend," it would be relevant to the issue of his parents' negligence in supervising and entrusting him with a motorcycle. The trial court granted defendant Donald T. Friend's motion to exclude the evidence on the grounds that it was not relevant and that its admission would likely result in considerable prejudice. The trial court stated that plaintiff could show that defendant Donald T. Friend lacked competency by cross-examining him about his experience as a motorcycle driver. Finally, the trial court noted that plaintiff had failed to plead the statute upon which he sought to rely.

The trial court's decision to admit or exclude evidence will not be reversed on appeal absent a clear abuse of discretion. *People v O'Brien,* 113 Mich App 183, 203; 317 NW2d 570 (1982). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence * * * more probable or less probable than it would be without the evidence". MRE 401.

MCL 257.312a; MSA 9.2012(1) requires the procurement of a motorcycle endorsement on an operator's or chauffeur's license before a person may operate a motorcycle "upon a public street or highway". Before a person may be issued a motorcycle endorsement, the person must pass a written examination and a driving test "designed to test the competency of the applicant for the first motorcycle indorsement * * * upon the highways of this state with safety to himself or herself and other persons and property". MCL 257.312b; MSA 9.2012(2).

When a penal statute is adopted by a court as the standard of care in a negligence action, proof of violation of that statute gives rise to a rebuttable presumption of negligence. *Zeni v Anderson,* 397 Mich 117, 143; 243 NW2d 270 (1976).

In the present case, the collision between plaintiff's motorcycle and that of defendant Donald T. Friend did not occur "upon a public street or highway".

Since no presumption of negligence arises from the riding of a motorcycle off a public highway without a motorcycle endorsement, the fact that Donald T. Friend had failed to procure a motorcycle endorsement was indeed irrelevant. Plaintiff only sought to show with the evidence that defendants Donald J. and Patsy Friend were negligent in entrusting and failing to supervise their son in the operation of a motorcycle. In our opinion, the fact that defendants knew that their son did not have a valid motorcycle endorsement required for operating a motorcycle upon a public street or highway does not have any tendency to make the existence of their negligence more probable than it would be without the evidence. There was no abuse of discretion.

Plaintiff's second claim is that the trial court erred in granting defendants Patsy and Donald J. Friend's motion for a directed verdict because sufficient evidence to establish a prima facie case of negligent entrustment and negligent supervision was introduced. We disagree.

At the close of plaintiff's proofs, defendants Patsy and Donald J. Friend moved for a directed verdict. In granting defendant parents' motion for a directed verdict, the trial court concluded that there had been no evidence presented to show that the parents had noticed that their son was an unsafe operator of a motorcycle.

An injured party has a cause of action against the parent of a child where the person is injured by the negligent act of the child which proximately results from negligent parental supervision over the child. *American States Ins Co v Albin,* 118 Mich App 201, 208; 324 NW2d 574 (1982), *lv den* 417 Mich 955 (1983). Similarly, an owner or lender who entrusts a person with a dangerous instrumentality may be held liable to a third party who is injured by the negligent act of the entrustee, where the owner or lender knew, or could have reasonably been expected to know, that the person entrusted was incompetent. *Perin v Peuler (On Rehearing),* 373 Mich 531, 536-537; 130 NW2d 4 (1964). It is clear, however, that under both theories of liability alleged by plaintiff the parent or entrusting person cannot be held liable for the tort of the child or entrustee if the child or entrustee was not negligent in the operation of the entrusted dangerous instrumentality because no cause of action against either the entrustee or entrustor will arise. *Perin, supra,* p 539; *Dortman v Lester,* 380 Mich 80, 84; 155 NW2d 846 (1968).

In light of plaintiff's failure to challenge the jury verdict of no cause of action against Donald T. Friend, the son and alleged tortfeasor, we conclude that plaintiff is precluded from challenging the propriety of the trial court order directing a verdict for Patsy and Donald J. Friend, the parents.

Our review of the record reveals that the evidence presented by plaintiff failed to establish a prima facie case of either negligent parental supervision or negligent entrustment. The trial court did not err in granting defendant parents' motion for directed verdict.

Plaintiff's third claim is that the trial court abused its discretion in setting aside the default judgment against defendants.

The trial court's ruling on a motion to set aside a default judgment will not be reversed on appeal absent a clear abuse of discretion. *Glasner v Griffin,* 102 Mich App 445, 448; 301 NW2d 889 (1980). A default judgment may be set aside by a trial court "if good cause is shown and an affidavit of facts showing a meritorious defense is filed". GCR 1963, 520.4. "Good cause" may be established by a showing of "(1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment". GCR 1963, 528.3; *Glasner, supra,* p 448.

In its order entered on March 26, 1982, the trial court granted defendants' motion to set aside the judgment of default. The court concluded that "there does exist excusable neglect justifying granting these defendants' motion", a meritorious defense to the claims made against defendants existed, plaintiff would not be substantially prejudiced by setting aside the default, and the interest of justice would be served by permitting defendants to have their day in court.

The trial court did not abuse its discretion.

Affirmed.