PEOPLE v LYLES

Docket No. 78471. Submitted October 15, 1985, at Lansing.—Decided
    February 3, 1986.
    Defendant, Roger L. Lyles, was convicted of two counts of first-
    degree felony murder and one count of assault with intent to
    commit murder, Saginaw Circuit Court, Fred J. Borchard, J.
    Defendant appeals alleging numerous errors. *Held:*
        1. The introduction of extrinsic evidence of an alibi witness's
    prior inconsistent testimony was proper. The purpose was
    impeachment and the prosecutor complied with the require-
    ments of the court rule. Further, the introduction of the
    evidence did not deny defendant his right of confrontation.
        2. The issue of whether an in-court identification had a
    sufficient independent basis is not preserved for appeal where
    the defendant failed to move for suppression of or object to the
    in-court identification at trial.
        3. The trial court's questioning and excusing of one of the 14
    jurors in chambers and without defendant being present does
    not require reversal. The proper test for determining whether a
    defendant's absence from a part of a criminal trial requires
    reversal of his or her conviction is whether there is any

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.,* 786, 883, 885-887.
Am Jur 2d, Criminal Law §§ 192 *et seq.,* 908, 956-996.
Am Jur 2d, Homicide §§ 45, 50, 51.
Am Jur 2d, Trial §§ 146, 305, 306, 1041-1044.
Federal constitutional right to confront witnesses—Supreme Court
    cases. 23 L Ed 2d 853.
Validity and construction of statutes requiring defendant in crimi-
    nal case to disclose matter as to alibi defense. 45 ALR3d 958.
Modern status of rules and standard in state courts as to adequacy
    of defense counsel's representation of criminal client. 2 ALR4th
    27.
Modern status of the rules requiring malice "aforethought," "delib-
    eration," or "premeditation," as elements of murder in the first
    degree. 18 ALR4th 961.
See also the annotations in the ALR3d/4th Quick Index under
    Argument of Counsel; Confrontation of Witnesses; Inconsistent
    Statements.

reasonable possibility of prejudice. Defendant had previously asked the court to dismiss the juror in question.

4. Defendant's claim that the prosecutor's questions improperly shifted the burden of proof on the issue of an alibi defense was not preserved for appeal by an objection.

5. Defendant argued that the prosecutor's questions forced him to reveal that he had previously been convicted of the crimes charged. However, the record showed that, upon being asked if he had ever tried to find out who owned the house, defendant volunteered the fact that he had requested his appellate counsel from the first conviction to pursue the matter. Since defendant did not object at the time of trial, review of this issue is precluded unless manifest injustice results. Refusal to review defendant's voluntary statement to the prosecutor's proper inquiries during cross-examination does not constitute manifest injustice.

6. The court did not err in denying defendant's motion for a new trial because the prosecution failed to use due diligence in locating alibi witnesses. An alibi witness is not a res gestae witness within the meaning of the statute which requires the prosecution to endorse and call all res gestae witnesses.

7. Failure of a defendant to have moved for a new trial precludes appellate review of a claim that the verdict was against the great weight of the evidence.

8. A trial court has no duty to go beyond a jury's request for the rereading of testimony and provide the exhibits that relate to the testimony reread. Failure to do so does not require reversal.

9. Remarks by the prosecutor in closing argument concerning the dubious credibility of alibi witnesses were proper where such doubt was a fair inference drawn from their testimony, such as where a witness claims no present memory of the relevant events.

10. Defendant's claim of ineffective assistance of counsel based on defense counsel's failure to object or make motions that could not have affected defendant's chances for acquittal is without merit.

11. Defendant was not denied effective assistance of counsel.

12. The jury instructions concerning malice were proper.

13. A claim of error, predicated on a trial court's failure to exclude rebuttal evidence to an alibi defense where the prosecutor failed to file and serve notice of rebuttal upon a defendant, is waived on appeal where the defendant failed to object to the prosecutor's failure during trial or in his motion for a new trial.

14. The trial court properly refused to suppress a handgun

registered to the father of a victim and evidence about two rifles, all three of which were found at the scene.

15. All of the alleged errors do not require reversal when viewed collectively.

Affirmed.

1. EVIDENCE — WITNESSES — PRIOR INCONSISTENT STATEMENTS — RULES OF EVIDENCE.

A witness may be examined concerning a prior oral statement where its substance and the time, place, and person to whom the statement was made are disclosed, and extrinsic evidence of a witness's prior inconsistent statement is admissible where the witness is afforded an opportunity to explain or deny the inconsistency and the opposing party is afforded an opportunity to interrogate him relative thereto (MRE 613).

2. CRIMINAL LAW — RIGHT OF CONFRONTATION — WITNESSES — PRIOR STATEMENTS.

Admission of evidence of an alibi witness's prior statements for the purpose of impeachment, not as substantive proof, does not abridge a defendant's constitutional right of confrontation.

3. CRIMINAL LAW — IDENTIFICATIONS — APPEAL — PRESERVING QUESTION.

The issue of whether an in-court identification had a sufficient independent basis is not preserved for appeal where the defendant failed to move for suppression of or object to the in-court identification at trial.

4. CRIMINAL LAW — TRIAL — DEFENDANT'S PRESENCE.

The proper test for determining whether a defendant's absence from a part of a criminal trial requires reversal of his or her conviction is whether there is any reasonable possibility of prejudice.

5. CRIMINAL LAW — CROSS-EXAMINATION — APPEAL — PRESERVING QUESTION.

A defendant may not for the first time on appeal allege as error improper questions by the prosecutor on cross-examination.

6. CRIMINAL LAW — ALIBI — IMPEACHMENT.

A prosecutor may properly impeach a defendant's alibi defense with evidence that defendant did not take advantage of available opportunities to pursue matters relevant to his alibi defense.

7. CRIMINAL LAW — RES GESTAE WITNESSES — ALIBI.

An alibi witness is not a res gestae witness within the meaning of

the statute which requires the prosecution to endorse and call all res gestae witnesses.

8. APPEAL — PRESERVING QUESTION.

Failure of a defendant to have moved for a new trial precludes appellate review of a claim that the verdict was against the great weight of the evidence.

9. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE.

The standard for review of challenges to the sufficiency of the evidence is that the Court of Appeals must determine whether, considering the evidence in the light most favorable to the prosecutor, a rational trier of fact could find the necessary elements of the crime proven beyond a reasonable doubt, or whether the trial court clearly erred.

10. CRIMINAL LAW — TRIAL — JURY — REREADING TESTIMONY TO JURY — EVIDENCE.

A trial court has no duty to go beyond a jury's request for the rereading of testimony and provide the exhibits that relate to the testimony reread.

11. CRIMINAL LAW — PROSECUTOR'S ARGUMENT — CREDIBILITY — INFERENCE FROM TESTIMONY.

Remarks by the prosecutor in closing argument concerning the dubious credibility of alibi witnesses are proper where such doubt is a fair inference drawn from their testimony, such as where a witness claims no present memory of the relevant events.

12. CRIMINAL LAW — ASSISTANCE OF COUNSEL — APPEAL.

A claim of ineffective assistance of counsel based on defense counsel's failure to object or make motions that could not have affected defendant's chances for acquittal is without merit.

13. CRIMINAL LAW — ATTORNEY AND CLIENT — ASSISTANCE OF COUNSEL.

A defendant's trial counsel is presumed to have provided effective assistance to the defendant; to overcome this presumption defendant must show that there was a failure to perform an essential duty owed by counsel to the defendant and that this failure was prejudicial to the defense.

14. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

The standard to determine whether a defendant had effective assistance of counsel in a criminal trial is that defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously

protect his client's interests, undeflected by conflicting considerations.

15. HOMICIDE — FIRST-DEGREE FELONY MURDER — MALICE.
   Malice is an element of first-degree felony murder.

16. CRIMINAL LAW — REBUTTAL TESTIMONY — IMPEACHMENT OF ALIBI
   WITNESSES — NOTICE OF REBUTTAL.
   The admission of rebuttal testimony offered to impeach a defendant's alibi witness, not to contradict the actual alibi testimony given, is not prohibited by the statute regarding notice of rebuttal (MCL 768.20[2]; MSA 28.1043[2]).

17. EVIDENCE — APPEAL.
   The admissibility of evidence is a question that rests in the trial court's discretion and the exercise of the court's discretion will not be overturned on appeal unless there has been a clear abuse of that discretion.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Christopher S. Boyd,* Prosecuting Attorney, and *Annette M. Gray,* Assistant Prosecuting Attorney, for the people.

*Kevin J. Henze,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and BEASLEY and J. P. NOECKER,* JJ.

BEASLEY, J. Defendant, Roger L. Lyles, was convicted by a jury of two counts of first-degree (felony) murder, contrary to MCL 750.316; MSA 28.548, and one count of assault with intent to commit murder, contrary to MCL 750.83; MSA 28.278. Defendant was sentenced to three concurrent life terms, after which he appeals as of right.

These convictions and sentences arose from a second trial. Earlier, defendant's convictions for murder and assault with intent to murder were reversed in *Lyle v Koehler,* 720 F2d 426 (CA 6, 1983). The reversal of defendant's first convictions

* Circuit judge, sitting on the Court of Appeals by assignment.

related to the denial of defendant's right to confrontation arising out of a letter introduced against his codefendant in the first trial. Since defendant was tried separately in the trial involved in this appeal and the letter causing the reversal of the first trial was not introduced against defendant, the issues in *Lyle v Koehler, supra,* are not relevant to our decision in this matter.

The charges against defendant arose out of the April 14, 1976, shootings of Feadow and Deborah Jones and Algenia Price. Feadow and Deborah Jones died from the gunshot wounds they received, while Algenia Price, although shot in the head twice, survived the attack and later testified at defendant's trial. Price testified that four men forced their way into the Jones's house and took various pieces of jewelry before shooting the victims.

Pursuant to Price's description of the four men and a neighbor's description of a car seen speeding away from the Jones's home, police apprehended two of the four men within an hour of the shooting. Defendant was one of those two men. At a subsequent line-up, Price identified defendant as one of the attackers. A third man was apprehended approximately one month later.

Defendant raises numerous issues on appeal. First, he argues that the trial judge improperly allowed the prosecutor to introduce prior inconsistent statements of an alibi witness for the purpose of impeaching the witness's credibility. The alibi witness in this case testified at defendant's first trial that defendant was at his home when the shootings occurred. Before defendant's second trial, the witness ingested PCP, which affected his memory. He could only remember some parts of his testimony from the first trial. Since the wit-

ness's memory could not be refreshed, the trial judge allowed his testimony at the first trial to be read into evidence.

Upon cross-examination at the second trial, the prosecutor asked the alibi witness if he remembered giving a statement to two police officers on May 27, 1976, at the Saginaw County jail that defendant had not been with him at the time of the shooting. The witness remembered talking to the two officers, but could not remember his statement. The prosecutor then read the prior inconsistent statements of the witness into evidence from a transcript which had been prepared from a tape recording of the statements. The trial judge admitted this evidence for the limited purpose of impeaching the credibility of the alibi witness and instructed the jury accordingly.

Initially, we note that defendant did not object to the prosecutor's use of the prior inconsistent statements of the witness. Under such circumstance, we will not reverse absent manifest injustice.[1] Manifest injustice will not result from this court's refusing to reverse on this issue.

The prosecutor complied with MRE 613(a) by disclosing to the witness the time, place and person to whom the prior oral statements were made. One of the purposes of the rule requiring foundational questions is to avoid surprise of the witness. This purpose was accomplished once the questions were posed.[2]

The prosecutor also complied with MRE 613(b) in introducing the extrinsic evidence of the witness's statements. On cross-examination, the prosecutor afforded the witness an opportunity to ex-

[1] *People v Bright,* 126 Mich App 606; 337 NW2d 596 (1983).

[2] *People v Gunne (On Rehearing),* 66 Mich App 318; 239 NW2d 603 (1976), *lv den* 400 Mich 802 (1977), *cert den* 434 US 861; 98 S Ct 198; 54 L Ed 2d 134 (1977).

plain or deny the statements. The witness could not recollect his specific statements, but it is clear that this will not bar admission of otherwise competent, relevant and material impeaching evidence.[3] The prosecutor's questions alone provided a sufficient foundation for the admission of extrinsic evidence of the prior statements.[4]

The prosecutor, and also the trial court, afforded defendant an opportunity to interrogate the witness on those prior statements during trial. In addition, although the witness experienced a lack of memory concerning his prior statements, he had provided an explanation for his prior statements during testimony at defendant's first trial. Defendant could have read this prior testimony at his second trial, as he had done for the alibi testimony itself. Thus, defendant was afforded an opportunity to interrogate the witness for purposes of MRE 613(b).

Defendant's argument that the decision in *People v Durkee*[5] applies to this situation is without merit. In *Durkee,* the witness being impeached had offered no evidence against the prosecution's case and could not even remember being questioned by police. In the within case, the prior alibi testimony of the witness was adverse to the prosecutor. In addition, the witness did remember being questioned by the police. Under such circumstances, the admission of prior statements for impeachment purposes is proper.[6]

Defendant's argument that his constitutional right to confrontation was abridged by the admission of the prior inconsistent statements is also

---

[3] *Id.*

[4] *People v Hogan,* 105 Mich App 473; 307 NW2d 72 (1981), *lv den* 413 Mich 937 (1982).

[5] 369 Mich 618; 120 NW2d 729 (1963).

[6] *People v Coates,* 40 Mich App 212; 198 NW2d 837 (1972).

without merit. The statements were not used as substantive proof, but only for impeachment purposes. Such impeachment use is entirely proper and does not abridge defendant's constitutional right to confrontation.[7]

Defendant next argues that the in-court identification of him by victim Price lacked a sufficient independent basis. Defendant bases this claim on his assertion that police officers improperly suggested to Price that defendant's hair was in curlers, not braided as Price had originally stated. First, we must again note that defendant failed to move for suppression of or object to Price's in-court identification testimony. Thus, the question of suggestiveness is not preserved for review by this Court.[8] But, even if we were to review defendant's claim, we would find that an independent basis existed for Price's in-court identification of defendant under the factors listed in *People v Kachar*.[9] The record establishes that Price drew on her memory of the crime and her observations of defendant in making the in-court identification. Defendant was not wearing hair curlers at the trial.

The additional claims of defendant that Price's in-court identification was tainted due to a previous photographic line-up which included defendant's photo and the fact that Price was interviewed by the police at the hospital without the presence of defendant's counsel are without factual basis or legal merit.

Defendant next contends that error occurred when the trial judge questioned one of the 14 jurors in chambers with both counsel present but without defendant present. During the in-cham-

[7] *Id.*

[8] *People v Wilki,* 132 Mich App 140; 347 NW2d 735 (1984).

[9] *People v Kacher,* 400 Mich 78, 95-96; 252 NW2d 807 (1977).

bers questioning, the juror indicated that she could not render a fair verdict, since she lived in the same neighborhood as the defendant. The trial judge excused the juror under the authority of MCL 768.18; MSA 28.1041.

Defendant had previously moved for the dismissal of the juror in question, but, on appeal, contends that his absence from the in-chambers questioning denied him his right of trial by jury. Our examination of the record convinces us that defendant's absence from the in-chambers questioning of the juror did not present any reasonable possibility of prejudice to defendant. It is very unlikely that if defendant had been present he would have argued against excusing this juror and, thus, defendant's absence does not require reversal.[10]

Defendant also argues that the prosecutor improperly shifted the burden of proof on the issue of an alibi defense. During cross-examination, the prosecutor asked defendant if he had ascertained the house number and owner of a house where he had been just prior to his arrest. Defendant initially indicated that, despite opportunities to make inquiries, he had not pursued these matters. On appeal, defendant argues, for the first time, that the prosecutor's questions allowed the jury to infer that he had an obligation to investigate and produce witnesses from the house. Again, defendant did not object to the prosecutor's questions at trial. Having failed to present the trial court with an opportunity to correct any harm attributable to the prosecutor's inquiries, defendant may not now raise this objection for the first time on appeal.[11]

[10] *People v Morgan*, 400 Mich 527, 536; 255 NW2d 603 (1977), *cert den* 434 US 967; 98 S Ct 511; 54 L Ed 2d 454 (1977); *People v Marsh*, 108 Mich App 659, 665; 311 NW2d 130 (1981), *cert den* 459 US 854; 103 S Ct 119; 74 L Ed 2d 104 (1982).

[11] *People v McClow*, 40 Mich App 185; 198 NW2d 707 (1972).

However, even if we reach the merits of defendant's argument, the prosecutor's questions do not require reversal. The prosecutor did not call on defendant to produce unavailable witnesses, he merely inquired into defendant's failure to take advantage of available opportunities to pursue matters relevant to his alibi defense. This situation is analogous to a line of cases in this Court which have held that a prosecutor may inquire into a defendant's failure to produce available witnesses or other evidence when defendant has presented an alibi defense. This is a proper way to attack the strength of the defense theory.[12] Due to the appropriateness of the prosecutor's line of cross-examination in this case and the fact that the trial judge clearly instructed the jury that defendant was not required to produce any evidence and that the burden of proving guilt was on the prosecution throughout the entire course of the trial, reversal is not required.

Defendant also argues that the prosecutor's questions forced him to reveal that he had previously been convicted in his first trial. However, the record shows that, upon being asked if he had ever tried to find out who owned the house, defendant volunteered the fact that he had requested his appellate counsel from the first conviction to pursue the matter. Since defendant did not object at the time of trial, this Court will not review this issue unless manifest injustice results.[13] Our refusal to review defendant's voluntary statement to the prosecutor's proper inquiries during cross-examination does not constitute manifest injustice.

Defendant also made a motion for a new trial in the trial court, arguing that the prosecution failed

[12] *People v Ovegian,* 106 Mich App 279; 307 NW2d 472 (1981); *People v Gant,* 48 Mich App 5; 209 NW2d 874 (1973).

[13] *People v Bright, supra.*

to use due diligence in locating alibi witnesses. The witnesses defendant wanted produced were in the house where he was arrested upon exiting. By defendant's own admission, these potential witnesses had not seen him at the time the crime was committed. Thus, it is clear they are not res gestae witnesses since they did not observe any events constituting the crime[14] and their value as alibi witnesses is very limited. But, even if these witnesses were properly termed alibi witnesses, the prosecution had no duty to produce them, since they only observed the conditions of defendant's arrest.[15] Consequently, the trial court properly denied defendant's motion for a new trial or a hearing on the prosecution's possible lack of due diligence in locating the alibi witnesses.

Defendant next contends that his conviction was against the great weight of the evidence presented at trial. This claim has not been preserved for appeal,[16] since defendant has not moved for a new trial on this ground. Defendant's argument could be characterized as a challenge to the sufficiency of the evidence, which would not require a motion for new trial prior to appellate review. The standard for reviewing the sufficiency of the evidence is whether, considering the evidence in the light most favorable to the prosecutor, a rational trier of fact could find the necessary elements of the crime beyond a reasonable doubt or if the court clearly erred.[17] Reviewing the record as a whole, it is clear that there was sufficient evidence presented at trial to support the jury's finding that all the elements of first-degree felony murder and

[14] *People v Austin,* 95 Mich App 662; 291 NW2d 160 (1980).

[15] *People v Hooks,* 139 Mich App 92; 360 NW2d 191 (1984).

[16] *People v Davis,* 122 Mich App 597; 333 NW2d 99 (1983); *People v Cage,* 83 Mich App 534; 269 NW2d 213 (1978).

[17] *People v Hollis,* 140 Mich App 589; 366 NW2d 29 (1985); *People v Anderson,* 112 Mich App 640; 317 NW2d 205 (1981).

assault with intent to commit murder were established beyond a reasonable doubt. The trial court did not clearly err in its verdict.

Next, defendant argues that the trial court, upon allowing the testimony of three witnesses to be reread to the jury during deliberations, had a duty to furnish the jury with the exhibits related to the reread testimony. We note that defendant did not raise this issue in the trial court and, thus, absent manifest injustice, this Court will not review the issue.[18]

During deliberations in this case, the jury requested that specific testimony be reread. They did not request the exhibits related to the testimony. It is clear that, when a jury requests that testimony be reread to it, the reading and extent of the reading is a matter within the sound discretion of the trial court.[19]

In *People v Lobaito*,[20] the trial court refused to read a jury instruction that pertained to evidence reread to the jury. This Court found that the trial court had no duty to go beyond the jury request and did not abuse its discretion in refusing to read the instruction. In the within case, the trial court had no duty to go beyond the jury's request and provide the exhibits that related to the reread testimony. The trial court did not abuse its discretion by not providing the exhibits and no manifest injustice exists requiring appellate review.

Defendant also argues for the first time on appeal that the prosecutor's closing argument was improper and prejudicial. This argument is without merit. The prosecutor's use of the word "providence" did not call on the jury to convict defendant as a religious duty, but was a general refer-

---

[18] *People v Bright, supra.*

[19] *People v Lobaito,* 133 Mich App 547; 351 NW2d 233 (1984).

[20] *Id.*

ence to the element of chance involved in the events of the case. Furthermore, the prosecutor could properly comment on the dubious credibility of defendant's alibi witness who claimed to now have no memory of relevant events.[21] The prosecutor could also properly comment on the dubious credibility of defendant's testimony based on reasonable inferences from the evidence presented at trial.[22] Upon our review of the prosecutor's closing argument, we find that it was based on reasonable inferences from the evidence, was not improper and no undue prejudice resulted.

Defendant next claims that he was denied effective assistance of counsel at his trial, in violation of US Const, Am VI, and Const 1963, art 1, § 20. Initially, defendant argues that his counsel failed to object and make appropriate motions raising the issues discussed above. But, as noted above, these issues are without merit. A claim of ineffective assistance of counsel based on defense counsel's failure to object or make motions that could not have affected defendant's chances for acquittal is without merit.[23]

Defendant also argues that his counsel's failure to request jury instructions regarding codefendants and the general nature of trial testimony denied him effective assistance of counsel. In his argument, defendant is unclear as to which specific jury instructions his trial counsel should have requested. Our review of the record does not reveal any specific jury instructions which should have been requested. This Court has noted that there is a presumption that defense counsel pro-

[21] See *People v Roberson*, 90 Mich App 196, 203; 282 NW2d 280 (1979), *lv den* 407 Mich 908 (1979).

[22] See *People v Gaines*, 129 Mich App 439, 445; 341 NW2d 519 (1983).

[23] *People v Chinn*, 141 Mich App 92, 98; 366 NW2d 83 (1985).

vided effective assistance and that defendant must show that counsel failed to perform an essential duty owed to defendant and, thus, prejudiced defendant.[24] In this case, defendant has failed to make that showing with regard to jury instructions. Applying both tests articulated in *People v Garcia*,[25] we conclude that defendant was not denied effective assistance of counsel and his arguments on this issue are without merit.

Next, defendant claims that the trial judge erred in his instructions to the jury by removing the issue of malice from their consideration. Defendant is correct in noting that an essential element of first-degree felony murder is malice.[26] Our review of the jury instructions in this case reveals that the trial judge first instructed the jury that it had to find malice for a second-degree murder conviction. The trial judge then went on to instruct that the jury had to find all the elements of second-degree murder for a first-degree felony murder conviction. He then instructed, specifically on first-degree felony murder, that the jury had to find malice as described in terms found in the definition of malice in *People v Aaron*.[27] Thus, the trial judge did not take the issue of malice for first-degree felony murder from the jury's consideration. Defendant's argument is without merit.

Defendant also claims that the prosecutor failed to give him notice of two witnesses whose testimony rebutted defendant's alibi, in violation of MCL 768.20(2); MSA 28.1043(2). First, we note that defendant failed to object to the lack of notice of

[24] *People v Tranchida,* 131 Mich App 446, 449; 346 NW2d 338 (1984).

[25] 398 Mich 250; 247 NW2d 547 (1976), *reh den* 399 Mich 1041 (1977).

[26] *People v Aaron,* 409 Mich 672; 299 NW2d 304 (1980).

[27] *Id.*

alibi rebuttal witnesses and failed to raise the issue in a motion for new trial. Therefore, defendant waived any claim of error under the statute. The trial judge is under no duty *sua sponte* to exclude the testimony.[28]

However, even if we address defendant's claim on this issue, we would find no error. The two witnesses defendant characterizes as "alibi rebuttal witnesses" did not rebut defendant's alibi for purposes of the statute. The first witness merely provided a foundation for the admission of prior inconsistent statements of defendant's alibi witness for impeachment purposes only. This Court has clearly held that, where the rebuttal testimony is offered to impeach a defendant's alibi witness, not to contradict the actual alibi testimony given, admission of the testimony is not prohibited by the statute.[29]

The second witness merely rebutted defendant's assertion that at the time of his arrest he requested that police officers check out the house he had just left for witnesses to the fact that he had been inside. Again, this testimony does not rebut defendant's alibi testimony. Defendant testified that he was not in the house at the time the crime occurred. Thus, people inside the house could not be alibi witnesses since they could not place defendant somewhere else than at the scene of the crime when the crime occurred.[30] Therefore, testimony of the witness did not in any way rebut an alibi of the defendant. Since MCL 768.20(2); MSA 28.1043(2) does not apply to the testimony challenged by defendant, no violation of the statute occurred when the trial court allowed the testimony.

[28] *People v Hence,* 110 Mich App 154, 174; 312 NW2d 191 (1981).

[29] *People v Khabar,* 126 Mich App 138; 337 NW2d 9 (1983); *People v Gillman,* 66 Mich App 419; 239 NW2d 396 (1976).

[30] *Gillman, supra,* p 424.

Next, defendant argues that the trial court erred in denying his motion to suppress a handgun registered to the father of a victim, Mr. Jones, that was found on the Jones's lawn the morning after the killings. In addition, defendant claims the trial court erred in admitting testimony concerning, and photographs of, two rifles found at the scene of the crime. We note initially that the admissibility of evidence rests within the trial court's discretion, and the exercise of that discretion will not be overturned on appeal unless there has been a clear abuse of that discretion.[31]

Our review of the record clearly reveals that the handgun and the two rifles were relevant to the testimony of victim Price, who testified that all of the guns had been used by the four men who entered the Jones's home on April 14, 1976. The introduction of the guns into evidence makes the facts in Price's testimony more probable than they would be without the evidence.

Defendant makes no plausible arguments that the admission of this relevant evidence created unfair prejudice that substantially outweighed the probative value of the evidence.[32] Thus, the trial judge properly determined that the handgun and the rifles were relevant evidence under MRE 401, and that the probative value of the evidence was not substantially outweighted by the danger of unfair prejudice under MRE 403. Therefore, the trial judge did not abuse his discretion in admitting this evidence under MRE 402.

Defendant's final claim on appeal is that, even if the errors argued above do not independently require reversal, taken together, these errors denied defendant due process of law under US Const,

---

[31] *Zokas v Friend,* 134 Mich App 437; 351 NW2d 859 (1984).

[32] MRE 403.

Am XIV, and Const 1963, art 1, § 20. It is true that in one case this Court has held that defects in a trial which might be considered as harmless error if each had been the only defect in the case may, if taken collectively and cumulatively, required a new trial in certain circumstances.[33] However, in this case, pursuant to our discussion above, we have not found any errors at trial, harmless or otherwise. There are no errors to view collectively and cumulatively. Therefore, defendant's claim here, and all those discussed above, are without merit.

Affirmed.

---

[33] *People v Brown,* 76 Mich App 733, 739; 257 NW2d 233 (1977), *lv den* 402 Mich 843 (1977).