PEOPLE v WILSON

Docket No. 90164. Submitted July 30, 1987, at Grand Rapids. Decided September 10, 1987.

Eric L. Wilson was convicted of unarmed robbery following a jury trial in Kent Circuit Court, George R. Cook, J. Defendant subsequently pled guilty to an habitual-offender, fourth offense, charge and was sentenced to from ten to twenty years' imprisonment. Defendant appealed, claiming certain comments made by the prosecutor denied him a fair trial.

The Court of Appeals *held:*

1. The prosecutor's comments regarding the fact that the victim was partially blind and that his business was not insured for the losses incurred did not unfairly appeal to the sympathies of the jury and were therefore not prejudicial.

2. The prosecutor's remarks indicating that defendant had friends who were inmates of the State Prison of Southern Michigan in Jackson and that defendant had been identified by the victim as one of two people who assaulted and robbed him were properly drawn inferences from the evidence presented.

3. A lack of objection at trial precluded review by the Court of Appeals of defendant's claim that the prosecutor improperly remarked that defendant's accomplice, who testified against defendant in exchange for other robbery charges being dropped by the prosecutor, could have no motive to give false testimony. No manifest prejudice resulted from the prosecutor's argument.

Affirmed.

1. PROSECUTING ATTORNEYS — DUTY.

A prosecutor must see that a defendant has a fair trial and protect the interests of the people, who are as concerned with protecting the innocent as with convicting the guilty.

REFERENCES

Am Jur 2d, Criminal Law §§ 836 *et seq.*

Am Jur 2d, Trial §§ 189 *et seq.*; 251 *et seq.*; 280 *et seq.*

Proprietary and prejudicial effect of prosecutor's argument to jury indicating his belief or knowledge as to guilt of accused—modern state cases. 88 ALR3d 449.

See also the annotations in the Index to Annotations under Prosecuting Attorneys.

2. CRIMINAL LAW — PROSECUTORIAL COMMENT — PREJUDICE.

Remarks made by a prosecutor during arguments at trial should not be held prejudicial if they are made in good faith and, when fairly construed, appear not to have been such as would influence the jury adversely to the rights of the accused.

3. CRIMINAL LAW — PROSECUTORIAL COMMENT.

A prosecutor may not appeal to the jury to sympathize with the victim of a crime.

4. CRIMINAL LAW — PROSECUTORIAL COMMENT — EVIDENCE — INFER-ENCES.

A prosecutor's argument to a jury must be supported by the evidence presented; in commenting upon the evidence, a prosecutor may draw reasonable inferences from it.

5. CRIMINAL LAW — PROSECUTORIAL COMMENT — APPEAL.

Appellate review of a prosecutor's alleged misstatements regarding the evidence during closing argument is precluded by the lack of an objection at trial unless a miscarriage of justice would result from a failure to review the question.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*James R. Rinck,* for defendant.

Before: CYNAR, P.J., and WEAVER and J. H. HAUSNER,* JJ.

PER CURIAM. Defendant was charged with unarmed robbery, MCL 750.530; MSA 28.798, and assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279. He was convicted by a jury of unarmed robbery. Defendant subsequently pled guilty to a supplemental information charging him as a fourth-felony offender. Sentenced to from ten to twenty years' imprisonment, defendant appeals as of right from his conviction for unarmed robbery.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The sole issue on appeal is whether comments made by the prosecutor deprived defendant of a fair trial. It is the duty of the prosecutor to see that the defendant has a fair trial and to protect the interests of the people, who are as concerned with protecting the innocent as with convicting the guilty. *People v Brocato,* 17 Mich App 277, 290-291; 169 NW2d 483 (1969). But while a prosecuting attorney is held to a very high standard of performance, we have recognized that infallibility will never be achieved:

"Great care should be taken by prosecuting officers and trial courts that no statement be made in the presence of jurors which would jeopardize a defendant's right to a fair trial. But in the haste and heat of a trial it is humanly impossible to obtain absolute perfection, and of necessity some allowance must be made in determining whether impromptu remarks are to be held prejudicial. Statements should not be held prejudicial if they are made in good faith, and, when fairly construed, they do not appear to have been such as influenced the jury adversely to the rights of the accused." [*People v Wheat,* 55 Mich App 559, 565; 223 NW2d 73 (1974), quoting *People v Burnstein,* 261 Mich 534, 538; 246 NW 217 (1933).]

Defendant first claims that the prosecutor unfairly appealed to the sympathies of the jury. The fifty-five-year-old, partially blind victim was working alone in his jewelry store when he was beaten and robbed by two men. According to the victim, his jewelry was never recovered and he did not carry insurance. The testimony concerning the victim's lack of insurance was elicited by the prosecutor during his examination of the victim. The prosecutor also commented on the victim's partial blindness during closing argument. It is improper for a prosecutor to ask the jury to sym-

pathize with a victim. *People v Wise,* 134 Mich
App 82, 104; 351 NW2d 255 (1984). However, we
do not believe that defendant was unduly preju-
diced by the prosecutor's actions. The prosecutor
did not dwell upon the victim's testimony concern-
ing his loss. Nor was emphasis placed on the
victim's physical condition prior to the robbery.

Defendant next claims that the prosecutor mis-
stated the testimony on two occasions during clos-
ing argument. The first alleged misstatement con-
cerns a letter written by the prosecution's main
witness. Richard White testified that he and defen-
dant jointly robbed the jewelry store. He agreed to
testify against defendant as part of a plea bargain.
White was impeached with evidence of a letter
written by him prior to trial exonerating defen-
dant. White claimed that friends of defendant at
Southern Michigan Prison in Jackson threatened
him and forced him to write the letter. When
asked whether he had friends at the prison, defen-
dant responded, "A few I might know, but I don't
know if they stay—you know, are residing in
Jackson." During closing argument, the prosecutor
stated that defendant had friends at the prison.
The second alleged misstatement concerned the
victim's identification of the man who kicked him
in the face during the robbery. The victim could
not identify either of his assailants. However, he
remembered that the person who kicked him had
entered the store first. According to White, defen-
dant entered the store before he did. The prose-
cutor argued that "we know" defendant was the
person who kicked the victim. While an attorney
may not argue or refer to facts not on the record,
*People v Knolton,* 86 Mich App 424, 428; 272
NW2d 669 (1978), lv den 406 Mich 885 (1979), a
prosecutor is entitled to comment on the evidence
and to draw reasonable inferences from it. *People*

*v Gaines,* 129 Mich App 439, 445; 341 NW2d 519 (1983). See also *People v Lyles,* 148 Mich App 583, 595-596; 385 NW2d 676 (1986). Both the arguments objected to by defendant were based on reasonable inferences from the evidence presented at trial.

Defendant's final claim concerns the prosecutor's characterization of the plea-bargain agreement with White. White admitted that prior to the instant robbery he had committed seven armed robberies. In exchange for a plea of guilty to armed robbery and testimony against defendant, the prosecutor's office agreed to drop the other charges. In his closing argument, defense counsel pointed out that White had reason to lie because without the agreement he would be facing a number of charges and the possibility of an enhanced sentence. The prosecutor noted that the maximum sentence for armed robbery is life and "if you can double that, I would be happy to hear how that's done." We agree that the prosecutor's argument was misleading. While it is true that the maximum penalty for armed robbery is life, White was actually sentenced to from ten to forty years' imprisonment. It is quite possible that if he had been convicted of the charges that were dropped pursuant to the plea-bargain agreement he would have faced a substantially increased sentence. However, defendant failed to object to the prosecutor's misstatement. Our review is, therefore, precluded absent a miscarriage of justice. *People v Byrd,* 133 Mich App 767, 780; 350 NW2d 802 (1984). We do not find that defendant was manifestly prejudiced by the argument. Defense counsel vigorously argued the effect of White's plea bargain on his credibility. Despite the mischaracterization by the prosecutor, we have no doubt that the jury was fully aware of White's motivation to lie. Further, had defendant made a timely objec-

tion, any prejudicial effect could have been eliminated by a curative instruction. Finally, the trial court cautioned the jury that the arguments of the attorneys were not evidence.

Affirmed.